THE STATE, EX REL. HARRIS, *v.* RHODES, GOVERNOR, ET AL.

(No. 77-1207—Decided April 12, 1978.)

*Mr. Christopher Harris, pro se.*

*Mr. William J. Brown,* attorney general, and *Mr. Allen P. Adler,* for respondents.

*Per Curiam.* In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. National City Bank,* v. *Bd. of Education* (1977), 52 Ohio St. 2d 81.

Relator asserts that the requested records are "public records" which, pursuant to R. C. 149.43, "shall be open at all reasonable times for inspection."

However, the requested records are not public records under R. C. 149.43, which states, in part:

" '[P]ublic record' means any record required to be kept by any governmental unit * * * *except* records pertaining to physical or psychiatric examinations, * * * probation and parole proceedings, and records the release of which is prohibited by state * * * law." (Emphasis added.)

Records and files of prisoners are compiled pursuant to R. C. 5145.04, 5145.20 and 5145.22. These records are maintained under R. C. 5120.21, which states, in part:

"The department of rehabilitation and correction shall keep in its office, *accessible only to its employees,* * * * a record showing the name, residence, sex, age, nativity, occupation, condition, and date of entrance or commitment of every inmate in the several institutions governed by it * * *." (Emphasis added.)

Relator has shown no clear legal right to the relief prayed for. Therefore, the writ of mandamus is denied.

*Writ denied.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.