130

The State, ex rel. Harris, *v.* Fuerst, Clerk of Court.

(No. 80-1014—Decided December 17, 1980.)

*Mr. Robert S. Catz,* for relator.
*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Patrick Carroll,* for respondent.

*Per Curiam.* In order to be entitled to a writ of mandamus, relator must establish (1) that she has a clear legal right to the relief prayed for, (2) that the respondent is under a clear legal duty to perform the requested act, and (3) that relator does not have a plain and adequate remedy in the ordinary course of the law. *State, ex rel. Harris,* v. *Rhodes,* (1978), 54 Ohio St. 2d 41.

Relator bases her claim for relief on *Boddie* v. *Connecticut* (1971), 401 U. S. 371. Although *Boddie* may mandate that relator should be able to seek a divorce without the necessity of paying the publication fees, relator must fail in this action since she has improperly chosen the use of an extraordinary writ to pursue her requested relief.

Relator's action in federal District Court was dismissed because relator, according to the decision in that case, "* * * was not injured as a result of any Ohio statute or rule, in fact she was given the right to file her complaint without paying a fee. After filing her complaint, * * * [relator] merely had to request a waiver from the proper court." Similarly, this action will be dismissed since there is an adequate remedy at law available to relator.

This court cannot and will not condone relator's unwarranted use of an extraordinary remedy by lending its imprimatur to this cause when there was not only an adequate, but also an expedient, remedy available to relator.

For the foregoing reasons, respondent's motion for dismissal is sustained and the cause is dismissed.

*Cause dismissed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.