THE STATE, EX REL. MURPHY, APPELLANT, *v.*
SHOEMAKER, CHIEF, ET AL., APPELLEES.

(No. 80-1551—Decided April 22, 1981.)

*Messrs. Mancino, Mancino & Mancino* and *Mr. Paul
Mancino, Jr.,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. Lianne
L. Santellani,* for appellees.

*Per Curiam.*   We recognize that there is no absolute bar
to increasing the sentence of a defendant upon retrial, *Gully* v.
*Kunzman* (C.A. 6, 1979), 592 F. 2d 283. Also, we are aware
that the Equal Protection Clause does not prevent the imposi-
tion of a more severe sentence upon the second trial of a defen-
dant. *North Carolina* v. *Pearce* (1969), 395 U. S. 711.
However, the imposition of a second and heavier sentence
upon second trial will not comport with the defendant's con-

stitutional rights, if there is shown to be any element of vindictiveness in imposing the increased sentence. *Pearce, supra.*

As in all cases seeking extraordinary relief by way of mandamus, the relator must show that he has a clear legal right to the relief prayed for, that respondents are under a clear legal duty to perform the acts, and that relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Harris,* v. *Rhodes* (1978), 54 Ohio St. 2d 41.

There appears to be no clear legal right here for a writ to be issued against the Adult Parole Authority and its chief. We do not, however, express an opinion on the merits of the appellant's claims in that he has an adequate remedy at law by way of post-conviction relief, per R. C. 2953.21, in which to present such claims.

For the foregoing reason, the judgment of the Court of Appeals denying the writ is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.