On March 12, 1998 pro-se Relator filed a Petition for Writ of Mandamus seeking an order from this court to command Respondent to proceed to judgment on Relator's December 23, 1997 "Motion to Compel," which he had filed in Mahoning County Common Pleas Case No. 94-CV-00241, captioned Buoscio v. Seidita. Plaintiff in that case is Relator in this proceeding.
It is instructive to examine the "Motion to Compel" for disposition of this petition in mandamus. In the motion Relator asserts that he had mailed an $8.00 check to the Clerk of Courts to obtain copies of papers that were indexed on the Clerk's docket record for Common Pleas Case No. 94-CV-00241. Relator further stated that he had received all the requested copies, except a filing posted on January 18, 1996 and entered as a "motion for leave of court to respond to defendant's summary judgment filed by plaintiff." When the clerk of courts failed to mail a copy of the January 18, 1996 filing to the Relator, he filed the "Motion to Compel" in the trial court to obtain the requested copy. The docket record of the clerk shows that there has been no ruling on the motion to compel.
A further review of the docket for Case No. 94-CV-00241 reveals that on October 13, 1994 defendant was granted summary judgment, as the pro-se plaintiff had failed to respond to the defendant's motion for summary judgment, or present any information in opposition to the motion. More than a year later, on December 6, 1995, the grant of summary judgment was vacated and the parties were granted additional time to renew the motion by January 2, 1996, or file a memorandum in opposition by January 16, 1996. On December 13, 1995 defendant renewed his motion for summary judgment. Plaintiff failed to file a memorandum opposing the motion for summary judgment within the timeframe set by the December 6, 1995 order. Instead, on January 18, 1996 plaintiff filed a motion for leave of court to respond to the defendant's motion for summary judgment. Four months later, on May 21, 1996, the defendant's motion for summary judgment was sustained. It does not stretch reason to find that the trial court, by its final ruling of May 21, 1996, implicitly overruled the Plaintiff's January 18, 1996 request for leave to respond. In addition, plaintiff filed nothing in the months before the final order was issued. The docket record reflects that copies of the May 21, 1996 final judgment were timely mailed to the parties. Relator failed to pursue the legal remedy of direct appeal after judgment was entered against him.
As indicated by the case history for Common Pleas Case No. 94-CV-00241, final judgment has been rendered and that case is closed. Accordingly, the trial court is not the proper party to be named when the relief requested is to obtain a document which is in the exclusive care, custody, and control of another public official. Under Section 2303.09 of the Revised Code:
 "The clerk of the court of common pleas shall file together and carefully preserve in his office all papers delivered to him for that purpose in every action or proceeding."
Relator's petition must fail as it does not name the proper party respondent to obtain the ultimate relief requested.
In addition, the questioned document is one that the Relator himself submitted for filing. It stands to reason that he would retain a copy of what he offered for filing, or would be aware of its contents, thus minimizing a need to obtain a copy from the clerk for whatever purposes Relator intended.
Finally, as stated in State ex rel. Hodges v. Taft
(1992), 64 Ohio St.3d 1, 3:
 "A writ of mandamus is an order, in this case to a public officer, to perform an act which the law specifically enjoins as a duty resulting from his office. R.C. 2731.01. In order to grant a writ of mandamus, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy at law. State, ex rel. Harris, v. Rhodes
(1978), 54 Ohio St.2d 41, 8 O.O.3d 36, 374 N.E.2d 641.
 "A court in a mandamus proceeding cannot create the legal duty the relator would enforce through it; creation of the duty is the distinct function of the legislative branch of government. State, ex rel. Stanley, v. Cook
(1946), 146 Ohio St. 348, 32 O.O. 419, 66 N.E.2d 207; Davis v. State, ex rel. Pecsok
(1936), 130 Ohio St. 411, 5 O.O. 20, 200 N.E. 181, paragraph one of the syllabus."
Relator has failed to demonstrate that he has a clear legal right to the relief requested or that Respondent has a clear legal duty to perform the requested act. See Section2731.01 Ohio Revised Code.
Accordingly, this Petition for Writ of Mandamus is dismissed. Costs of this proceeding are taxed against Relator. This opinion and journal entry constitutes a final order in this matter and the Clerk is to serve a copy on the parties as provided by the civil rules.
 ----------------------------- JUDGE EDWARD A. COX
 ----------------------------- JUDGE JOSEPH J. VUKOVICH
 ----------------------------- JUDGE CHERYL L. WAITE