OPINION
Appellant, Maharathah Karmasu (a.k.a. James Paxson), appeals the judgment entry of the Trumbull County Court of Common Pleas granting a dismissal of his petition for a writ of mandamus.
On July 1, 1999, appellant filed a petition for a writ of mandamus in the lower court. In that petition, appellant sought a special mandate from the court ordering him to be returned to the Trumbull Correctional Institution ("TCI") from the Southern Ohio Correctional Facility ("SOCF"). Appellant also sought damages in the amount of $500 from each appellee: Bernard Ryzner, Chief of the Bureau of Classifications for the Ohio Department of Rehabilitation and Correction ("ODRC"); Betty Mitchell, a former TCI warden; and Terry Collins, Southern Regional Director of ODRC. Specifically, appellant claimed that he was transferred to SOCF from TCI while he had a habeas corpus petition pending before the trial court.
The record reveals that on April 30, 1997, appellant and twenty-two other petitioners filed a complaint in the trial court seeking a writ of habeas corpus. The writ of habeas corpus was dismissed by the lower court and the decision was affirmed on appeal to this court in Karmasu v. Konteh (Dec. 11, 1998), Trumbull App. No. 97-T-0199, unreported, at 6, 1998 Ohio App. LEXIS 5986.
The record before this court does not reveal when appellant was transferred to SOCF from TCI. Moreover, in Konteh, we stated that "[a]t some point since the filing of this action, appellant has been transferred to [SOCF]." Id. at 1-2. On August 10, 1999, appellees filed a motion to dismiss appellant's petition for a writ of mandamus for failure to state a claim since there was no record of a habeas corpus petition pending before the trial court. This motion was predicated on an affidavit submitted on August 6, 1999, by Gloria J. Smiley, a paralegal for the Corrections Litigation Section of the Ohio Attorney General, in which she stated that, upon checking the docketing system for the Attorney General and the Trumbull County Court of Common Pleas, there was no habeas corpus action on file for appellant. Appellees' motion was granted in a judgment entry dated August 18, 1999.
Appellant now appeals the judgment of the lower court and raises the following assignments of error:
 "[1.] The trial court erred in finding that the action did not state a claim upon which relief [could] be granted under Civ.R. 12(B).
 "[2.] The trial court erred in granting the Civ.R. 12(B) motion of [appellees] without allowing reasonable time for [appellant] to draft and file a response thereto.
 "[3.] The trial court erred in failing to grant a writ of mandamus compelling [each appellee] to comply with their lawful duties proscribe[d] by R.C. § 2725.24.
 "[4.] The trial court erred in not taking any action to investigate the facts or to discourage further bad faith motions or abuse of the prestige [shown] to the offices of Ohio Attorney General by Marianne Pressman."
 Due to the factual nature of this case, appellant's assignments of error will be addressed in a consolidated fashion.
A writ of mandamus is an extraordinary remedy that will only be granted provided the petitioner is able to demonstrate:
 "`(* * *) (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that (the) relator has no plain and adequate remedy in the ordinary course of the law.' State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 42, * * *." (Parallel citation omitted.) Miller v. Ct. of Common Pleas, Portage Cty. (Mar. 7, 1997), Portage App. No. 96-P-0249, unreported, at 1, 1997 WL 197080.
 In this case, appellant fails to meet the third prong of the test set forth in Harris, which requires that he have "no plain and adequate remedy in the ordinary course of the law." Appellant could have requested a change of venue or, in the alternative, had his habeas corpus petition in Trumbull County dismissed and refiled it in Scioto County. Appellant clearly had a plain and adequate remedy in the ordinary course of law; therefore, a writ of mandamus will not be granted.
Civ.R. 12(B)(6) provides in part that "[w]hen a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." When the trial court in this case granted appellees' motion to dismiss for failure to state a claim based on the fact that appellant's writ of habeas corpus was no longer pending, it went outside the pleadings, and the Civ.R. 12(B)(6) motion should have been converted to a motion for summary judgment pursuant to Civ.R. 56, which would have required a hearing, with appellant receiving fourteen days notice of the hearing. However, the trial court could have properly dismissed this case pursuant to Civ.R. 12(B)(6) on the face of the pleadings, since appellant had adequate legal remedies available to him other than the issuance of a writ of mandamus.
The fact that a habeas corpus action was not pending at the time of the filing of this mandamus action is irrelevant to an appropriate disposition of appellant's claims. Further, nothing in R.C. 2725.24 supports appellant's argument that he could not be legally transferred from one Ohio penal institution to another while a habeas corpus action may have been pending in the county where he was incarcerated before a transfer occurred. Since there was a proper legal basis upon which to grant a dismissal on the pleadings, there is no need for a remand of this matter.
For the foregoing reasons, appellant's assignments of error are without merit and the judgment of the Trumbull County Court of Common Pleas is affirmed.