JOURNAL ENTRY AND OPINION
In 1988, relator was convicted of murder, sentenced to prison and ordered to pay costs in State v. Acoff, Cuyahoga County Court of Common Pleas Case No. CR-222464. In December 1999, the court of common pleas issued a journal entry reviving the judgment for costs in Case No. CR-222464. Monthly garnishment proceedings against relator's prison account are on-going. Relator contends that the court of common pleas is acting without jurisdiction because he was determined to be indigent at the time of his conviction. Relator requests that this court issue: writ of prohibition preventing respondent judge from enforcing the judgment for costs; and a writ of mandamus compelling respondent to vacate any order requiring relator to pay costs and ordering respondent to return all monies collected from relator.
Respondent has filed a motion to dismiss. Respondent argues, inter alia, that relief is inappropriate because he is acting within his authority under the original judgment against relator which assessed court costs.
In State ex rel. Pless v. McMonagle (Oct. 26, 2000), Cuyahoga App. No. 78198, unreported, the relator also complained that his prison account was being garnished after the judgments for court costs in two criminal cases were revived. Pless also argued that the court of common pleas had acted without authority because he was declared indigent at the time of his criminal proceeding. Pless requested that this court issue a writ of prohibition to stop the garnishment of funds from his prison account. After an extensive review of the statutory scheme authorizing the garnishment of prison accounts for costs (including R.C. 5120.133), this court granted the motion to dismiss of the respondent judge.
Pless requires that we grant respondent's motion to dismiss with regard to relator's claim in prohibition.
 Petitioner alleges that the withdrawal of money from his account is unauthorized because he was declared indigent at the time of his criminal proceeding. A declaration of indigency for purposes of a criminal proceeding, however, cannot be used to avoid the collection of court-imposed costs.
Pless, supra, at 6 (citations deleted). In this action, relator's assertions fail to state a claim upon which relief in prohibition can be granted. See, also, State ex rel. Perotti v. McMonagle (Oct. 5, 2000), Cuyahoga App. No. 78295, unreported (dismissing an action in prohibition to prevent the garnishment of prison accounts after reviving the judgments for costs in criminal cases).
Similarly, the reasoning of Pless requires that we grant respondent's motion to dismiss with regard to relator's claim in mandamus. The fundamental criteria for issuing a writ of mandamus are well-established:
 In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. of Education (1977), 52 Ohio St.2d 81.
State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 42,374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie.
The claim asserted by relator, however, does not meet any of these criteria.
 A court has the statutory authority to revive dormant judgments pursuant to R.C. 2325.15. If an exemption under R.C. 2329.66 [which establishes exemptions from execution, garnishment, attachment, or sale to satisfy a judgment or order] is not recognized in the reviver proceeding to the satisfaction of the debtor, the debtor may raise that issue on appeal. See State v. Graewe, 2000 Ohio App. LEXIS 3511 (Aug. 3, 2000), Cuyahoga App.
 No. 77545, unreported; see, also, State ex rel. Perotti v. McMonagle, 2000 Ohio App. LEXIS 4635 (Oct. 5, 2000), Cuyahoga App. No. 78295, unreported.
Pless, supra, at 7-8. In light of the statutory authority to revive judgments, we cannot conclude that relator has a clear legal right to relief nor can we conclude that respondent has a clear legal duty to vacate any order requiring relator to pay costs or order the return of monies collected from relator.
Likewise, relator had an adequate remedy by way of appeal.
The costs of prosecution are to be included in the sentence * * * and challenges to these costs may be made at the time of appeal * * *. The failure to make such a challenge on appeal will generally preclude subsequent collateral attacks. Pless, supra, at 3-4 (citations deleted). See, also, Perotti, supra, at 8 (citing State ex rel. Kuhr v. Clerk of Courts (June 28, 2000), Lucas App. No. L-00-1164, unreported, as dismissing a complaint seeking relief in mandamus or prohibition holding that the petitioner's indigency status did not relieve him of the obligation to pay court costs if he owned property that could be applied against the obligation * * * [and, along with other cases, holding] that petitioners' states of indigency at the time of their convictions do not ipso facto preclude the collection of court costs and do not patently divest respondent of jurisdiction). Although relator did not challenge costs as part of his direct appeal, the availability of appeal was an adequate remedy. As a consequence, relief in mandamus is not appropriate.
Furthermore, relator failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim.
Accordingly, we grant respondent's motion to dismiss. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
KARPINSKI, A.J., and SPELLACY, J., CONCUR.