Relator is the defendant in State v. Hutton, Cuyahoga County Court of Common Pleas Case Nos. CR-5117, 33239 and 203416, and remains incarcerated. By entry received for filing on December 27, 1999, respondent ordered that the judgment for court costs in Case Nos. CR-5117, 33239 and 203416 be revived. Relator requests that this court issue a writ of mandamus compelling:
A. Respondent to "recant" his December 27, 1999 ruling;
 B. The return of all moneys collected as a result of that ruling; and
C. That the December 27, 1999 order "be withdrawn".
Respondent has filed a motion for summary judgment. For the reasons stated below, we grant the motion for summary judgment.
The fundamental criteria for issuing a writ of mandamus are well-established:
 In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. of Education (1977), 52 Ohio St.2d 81, 369 N.E.2d 1200.
State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 42,374 N.E.2d 641. of course, all three of these requirements must be met in order for mandamus to lie.
In State ex rel. Acoff v. Coyne (Jan. 29, 2001), Cuyahoga App. No. 78726, unreported, the court of common pleas issued a journal entry reviving the judgment for costs in relator's criminal case. In addition to requesting relief in prohibition preventing the respondent judge from enforcing the judgment for costs, Acoff requested that this court issue a writ of mandamus compelling respondent to vacate any order requiring relator to pay costs and ordering the judge to return all moneys collected from relator.
 A court has the statutory authority to revive dormant judgments pursuant to R.C. 2325.15. If an exemption under R.C. 2329.66 [which establishes exemptions from execution, garnishment, attachment, or sale to satisfy a judgment or order] is not recognized in the reviver proceeding to the satisfaction of the debtor, the debtor may raise that issue on appeal. See State v. Graewe (Aug. 3, 2000), Cuyahoga App. No. 77545, unreported; see, also, State ex rel. Perotti v. McMonagle (Oct. 5, 2000), Cuyahoga App. No. 78295, unreported.
State ex rel. Pless v. McMonagle (Oct. 26, 2000), Cuyahoga App. No. 78198, unreported, at 7-8. In light of the statutory authority to revive judgments, we cannot conclude that relator has a clear legal right to relief nor can we conclude that respondent has a clear legal duty to vacate any order requiring relator to pay costs or order the return of monies collected from relator.
 Likewise, relator had an adequate remedy by way of appeal. "The costs of prosecution are to be included in the sentence *** and challenges to these costs may be made at the time of appeal *** The failure to make such a challenge on appeal will generally preclude subsequent collateral attacks." Pless, at 4 (citations deleted). See, also, Perotti, at 8 (citing State ex rel. Kuhr v. Clerk of Courts (June 28, 2000), Lucas App. No. L-00-1164, unreported, as dismissing a complaint seeking relief in mandamus or prohibition "holding that the petitioner's indigency status did not relieve him of the obligation to pay court costs if he owned property that could be applied against the obligation *** [and, along with other cases, holding] that petitioners' states of indigency at the time of their convictions do not ipso facto preclude the collection of court costs and do not patently divest respondent of jurisdiction"). Although relator did not challenge costs as part of his direct appeal, the availability of appeal was an adequate remedy. As a consequence, relief in mandamus is not appropriate.
Acoff, supra, at 4-6.
Similarly, in this action, relator does not have a clear legal right to relief nor can we conclude that respondent has a clear legal duty either to vacate the December 27, 1999 entry requiring relator to pay costs or to order the return of funds collected from relator. Additionally, relator had an adequate remedy by way of appeal. Relief in mandamus would not, therefore, be appropriate.
Accordingly, we grant respondent's motion for summary judgment. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58 (B).
Writ denied.
DIANE KARPINSKI. A.J., AND PATRICIA A. BLACKMON. J., CONCUR.
 ________________ ANN DYKE, JUDGE: