JUDGMENT
Relator is an inmate at the Marion Correctional Institution. He is requesting that this court issue a writ of mandamus compelling respondents Reginald A. Wilkinson, Director, Ohio Department of Rehabilitation and Correction, and Margarette Ghee, Chairperson, Ohio Adult Parole Authority to recalculate Petitioner's maximum expiration date on his aggregated indefinite sentence(s) * * *. Complaint, at 1.
By entry received for filing on July 30, 1979 in State v. Floyd, Cuyahoga County Court of Common Pleas Case No. CR-47687, relator was sentenced for a period of from one to five years for possession of criminal tools to run concurrent with sentence in United States District Court #7691R. Relator avers that he was on federal parole at the time he was sentenced in Case No. CR-47687.
Relator complains that respondents continue to calculate the maximum expiration date of his incarceration by incorrectly applying former R.C.2929.41(B)(3) which required a consecutive sentence `when it is imposed for a new felony committed by a probationer, parolee, or escapee.' State ex rel. Ranzy v. Mitchell(Oct. 1, 1998), Cuyahoga App. No. 74873, unreported, at 1. Relator contends that respondents did not have the authority to treat the sentence in Case No. CR-47687 as consecutive in light of the July 30, 1979 journal entry specifying a concurrent sentence. Relator argues that respondents used the illegally modified and statutorily prohibited 1979 sentence in aggregation with subsequent herein unchallenged sentences imposed upon petitioner, thereby extending and enhancing petitioner's maximum expiration date on the unchallenged terms. Relator's Motion for Summary Judgment, at 2.
Respondents have also filed a motion for summary judgment. Attached to respondents' motion for summary judgment is the affidavit of Pamela Rudolph, Administrative Assistant at the Bureau of Sentence Computation which is a division of the Ohio Department of Rehabilitation and Correction (Bureau). In her affidavit, Rudolph recites chronologically each of relator's several convictions, sentences, releases on parole and parole violations beginning with the sentence imposed in Case No. CR-47687. Attached to Rudolph's affidavit are copies of various sentencing entries and the Bureau's sentence computation results including calculations of the date of relator's maximum expiration of sentence.
Relator does not challenge the accuracy of any of these calculations except with respect to the sentence arising from Case No. CR-47687. Rather, relator assumes that respondents' calculation of his maximum expiration of sentence includes the sentence in his federal case. Yet, none of the evidence filed by the parties includes any time for the federal sentence.
The fundamental criteria for issuing a writ of mandamus are well-established:
 In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. of Education (1977), 52 Ohio St.2d 81, 369 N.E.2d 1200.
State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 42,374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie.
Relator has not demonstrated either that he has a clear legal right to have the maximum expiration date of his sentence recalculated or that respondents have a corresponding duty. The record does not support relator's assumption that respondents applied the sentence in Case No. CR-47687 consecutively to that in relator's federal case. As a consequence, we cannot conclude that respondents have inaccurately calculated the maximum expiration of relator's sentence. Likewise, we conclude that, because there is no genuine issue of material fact, summary judgment in favor of respondents is appropriate. Civ.R. 56.
Accordingly, we grant respondents' motion for summary judgment and deny relator's motion for summary judgment. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
KENNETH A. ROCCO, J., and MICHAEL J. CORRIGAN, J., CONCUR.