OPINION
{¶ 1} On July 16, 1999, Canton Police Officer Samuel Frisone was discharged for "off-duty gross misconduct" due to convictions on several traffic violations and a falsification charge. Pursuant to a collective bargaining agreement between appellant, the Canton Police Patrolmen's Association, and appellee, the City of Canton, Officer Frisone filed a grievance.
{¶ 2} A hearing before arbitrator Louis Thomson, Jr., was held on November 18, 1999. By award dated February 14, 2000, the arbitrator reinstated Officer Frisone, subject to the Chief of Police having full discretion as to Officer Frisone's job placement within the department. Officer Frisone was also ordered to sign a "Last Chance Agreement."
{¶ 3} In March of 2001, Officer Frisone filed a grievance claiming appellee failed to recognize his contractual rights regarding seniority, selection of annual shifts and bidding for vacant positions. On March 30, 2001, the Chief of Police denied the grievance, citing the February 14, 2000 arbitration award and the Last Chance Agreement. Thereafter, appellant requested an arbitration panel from the Federal Mediation and Conciliation Service. Said service provided a list of seven possible arbitrators. By letter dated May 25, 2001, appellee sent a letter to appellant's counsel stating it would not accept any other arbitrator other than Mr. Thomson as he was in the best position to determine any ambiguity in the February 14, 2000 award.
{¶ 4} On June 26, 2001, appellant filed a mandamus action regarding the arbitrator selection with the Court of Common Pleas of Stark County, Ohio. A hearing was held on August 17, 2001. By judgment entry filed November 2, 2001, the trial court denied mandamus.
{¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. {¶ 6} "THE COMMON PLEAS COURT ERRED IN CONSTRUING THE RELIEF PRAYED FOR IN RELATOR'S PETITION."
 II. {¶ 7} "THE COMMON PLEAS COURT ERRED BY ABUSING ITS DISCRETION IN NOT ISSUING A WRIT OF MANDAMUS."
 I, II
{¶ 8} Appellant initiated an action in mandamus to require appellee to strike arbitrators pursuant to Article 20(D)(5) of the Collective Bargaining Agreement between the parties.
{¶ 9} R.C. 2731.01 defines mandamus as "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." In order to be entitled to the issuance of a writ of mandamus, appellant must demonstrate 1) appellant has a clear legal right to the relief prayed for; 2) respondents are under a clear legal duty to perform the acts; and 3) appellant has no plain and adequate remedy in the ordinary course of the law. State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 42, citing State ex rel. National City Bank v. Bd. of Education (1977),52 Ohio St.2d 81.
{¶ 10} A prerequisite to filing a complaint, even in mandamus actions, is that the requirements of the Ohio Rules of Civil Procedure must be complied with by the parties. In particular, Civ.R. 10(D) requires "[w]hen any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading."
{¶ 11} Although the verified complaint states that the parties are signatories of a collective bargaining agreement and cites to the specific article in the agreement that appellant wishes the trial court to enforce, there is no copy of the agreement attached to the complaint or in the entire record, including the transcript of the case before the trial court.
{¶ 12} In response to the complaint, appellee sought a dismissal, claiming it failed in form and failed to state a claim upon which relief may be granted pursuant to Civ.R. 12(B)(6).
{¶ 13} On August 27, 2001, appellant filed an amended complaint to conform with R.C. 2731.04, and filed another affidavit which was more extensive than the original affidavit. Again, the collective bargaining agreement was not attached. This amended complaint was not done with leave of court or within twenty-eight days of service pursuant to Civ.R. 15(A).
{¶ 14} Arguably, the amended complaint, because it was made after the August 17, 2001 hearing, could qualify as an amendment under Civ.R. 15(C). The main problem is that the collective bargaining agreement was not attached.
{¶ 15} Prior to the hearing, the parties submitted stipulations, but did not file a copy of the collective bargaining agreement. The agreement was not presented at the hearing.
{¶ 16} We are aware that justice favors the resolve of cases on the issues presented, not on the reliance of the niceties of the rules.DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189. Generally, we prefer substance over form when we address our cases.
{¶ 17} The issues in this appeal necessitates a review of the collective bargaining agreement. We find the agreement is necessary for our review for the following reasons.
{¶ 18} Appellant argues Officer Frisone has a right under the collective bargaining agreement to arbitrate the issue of future job placement because the "Last Chance Agreement" stated Officer Frisone's "job benefits will remain intact." Appellant argues "seniority" implicitly permits him to "bid" for a position under the agreement. Without the collective bargaining agreement, we are unable to review appellant's claim to such a right vis-a-vis his voluntary agreement in the last chance agreement to give the Chief of Police "full discretion" as to his job placement.
{¶ 19} Upon review, we find appellant failed to establish a clear legal right to arbitration and failed to meet the requirements for a mandamus action.
{¶ 20} Assignments of Error I and II are denied.
{¶ 21} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By FARMER, P.J. WISE, J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.