OPINION AND JOURNAL ENTRY
This original action in mandamus was filed pro-se by Relator on May 17, 2002 seeking an order to compel Respondent to issue findings of fact and conclusions of law relating to Respondent's order of February 7, 2002 denying Relator's motion to vacate a fine.
On June 14, 2002 Respondent filed a Civ.R. 12(B)(6) Motion to Dismiss for failure to state a claim upon which relief could be granted. Respondent asserts that the Relator has failed to meet any of the prongs for the issuance of a mandamus and the petition should be dismissed. We agree.
In citing to State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, the Ohio Supreme Court identified the requirements for a writ to issue inState ex rel. Hodges v. Taft (1992), 64 Ohio St.3d 1, 3, as follows:
"In order to grant a writ of mandamus, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy at law."
Relator has failed to demonstrate that he has a clear legal right to the relief requested. Relator was convicted of a third-degree felony and in addition to a four-year term of incarceration was fined $5,000.00. As provided by R.C. 2929.18(A)(3)(C) an allowable financial sanction for that degree of felony is "not more than ten thousand dollars." The fine imposed is less than that provided by law.
The second prong to meet is demonstrating an affirmative duty of the respondent to provide the relief requested. Relator has failed in his burden to demonstrate that findings and conclusions are required when a motion to vacate a fine is denied. The case cited by Relator is based on post-conviction petition challenging a conviction as void or voidable. R.C. 2953.21(G) clearly requires that findings and conclusions be issued when summarily denying a post-conviction petition.
Relator may not rely on a post-conviction case to support his argument in this matter. He has failed to identify statutory or case law entitling him to the relief he seeks.
Finally, Relator could have directly appealed the judgment denying his motion to vacate fines and attempt to demonstrate prejudicial error by such order. Relator could argue in his brief the legal authorities supporting his position of a claim of error in failing to vacate the fine.
Relator has failed to meet any of the criteria entitling him to bring this action in mandamus.
Moreover, Relator has failed to comply with R.C. 2969.25(A). That section recites:
"(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."
Failure to file the affidavit is cause for dismissal of the petition.State ex rel. Washington v. Ohio Adult Parole Authority (1999),87 Ohio St.3d 258, 719 N.E.2d 544. Relator has filed an affidavit of indigency with his petition but has not filed the required statutory affidavit of all civil actions or appeals filed in the previous five years.
Accordingly, the Respondent's motion to dismiss for failure to state a claim upon which relief could be granted is sustained. Petition dismissed. Costs taxed against Relator.
Final order. Clerk to serve a copy on counsel or unrepresented party according to the civil rules.
Donofrio, J., Vukovich, J., and DeGenaro, J., concurs.