[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} Relator, Lawrence D. Ontko, filed a complaint for writ of mandamus. Pursuant to our order, respondent, Judge Robert E. Delamatre, has answered.
{¶ 2} For a writ of mandamus to be issued, the relator must demonstrate a clear legal right to the relief prayed for, that respondents are under a clear duty to perform the act, and that the relator has no plain and adequate remedy in the ordinary course of law. State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 42.
{¶ 3} We first note that this is the fourth time that this case has been before this court on the same issue, the recalculation of child support pursuant to a shared parenting plan. Each time this case was remanded, it was with the expectation that the trial court would hold an evidentiary hearing and to make a deviation in child support which would consider the time spent with each parent under the shared parenting plan as well as the financial circumstances of the parties.
{¶ 4} Our reading of the August 1, 2002 judgment entry, along with the affidavit of attorney Michael D. Kaufman, reveals that no evidentiary hearing was, in fact, held. Therefore, we conclude that relator is entitled to the relief prayed for and has no other adequate remedy at law. Relator's petition for writ of mandamus is well-taken and granted. This case is remanded to the trial court and respondent is ordered to hold an evidentiary hearing and to determine an appropriate amount of deviation pursuant to the shared parenting arrangement and financial circumstances of the parties. Costs assessed to respondent.
 WRIT GRANTED.
Handwork, P.J., and Pietrykowski, J., concur.