OPINION AND JOURNAL ENTRY
{¶ 1} Petition for Writ of Mandamus was filed herein on December 17, 2002 seeking a writ to compel Respondent to rule on certain pending motions pertaining to the calculation of his jail time credit as required by law. Pro se Relator references motions which he filed in October 2000, February 14, 2002 and October 18, 2002 seeking an additional 437 days of credit for time spent in a community based correctional facility.
 {¶ 2} In response to an order from this court granting Respondent time to file an answer or otherwise plead, on February 13, 2003, Respondent filed a motion to dismiss, asserting that the petition was moot. Respondent argues that a January 23, 2003 judgment entry denying the motion for additional jail time credit in Relator's underlying criminal case renders the petition moot. The judgment indicated that Relator has been credited with 271 days served, with no credit for time spent in a community based correctional facility.
 {¶ 3} In order for a court to issue a writ of mandamus, a Relator must demonstrate "1) that he has a clear legal right to the relief prayed for, 2) that Respondents are under a clear legal duty to perform the acts, and 3) that Relator has no plain and adequate remedy in the ordinary course of the law." State ex rel. Harris v. Rhodes (1978),54 Ohio St.2d 41, 42. In this case, Relator is not entitled to the extraordinary writ of mandamus since he has an available legal remedy to appeal the judgment of Respondent denying his motion for additional jail time credit. See State ex rel. Hill v. Greene, Judge (Dec. 10, 1998), Cuyahoga App. No. 75433. Moreover, such ruling provides the relief prayed for in the petition and the writ of mandamus will not issue to compel an act already performed. State ex rel. Jerninghan v. Cuyahoga Cty. Court ofCommon Pleas (1996), 74 Ohio St.3d 278.
 {¶ 4} Based on the above, we find that the motion to dismiss is with merit and we dismiss this petition for writ of mandamus as moot. Costs of this proceeding taxed against Relator.
 {¶ 5} Final order. Clerk to serve a copy on counsel of record and Relator pursuant to the Civil Rules.
Waite, P.J., DeGenaro and Vukovich, JJ., concur.