OPINION AND JOURNAL ENTRY
{¶ 1} Complaint in mandamus was filed on July 17, 2002 seeking an order to compel Respondents Noble County Engineer and the Regional Planning Commission to approve certain plats and/or descriptions and an order to compel the Noble County Auditor and Noble County Recorder to transfer and record certain general warranty deeds. Relator also seeks a declaratory judgment that the plats satisfy all state and local laws and that the Respondents must approve the plats and record the general warranty deeds which were refused for transfer and recording.
 {¶ 2} On July 30, 2002, Respondents filed an Answer and Counterclaim denying that the Regional Planning Commission failed to perform its duty and in fact was not requested by Relator to perform its function. Respondents counterclaimed for monetary damages allowed by law.
 {¶ 3} On August 28, 2002, Relator filed an Answer to Counterclaim denying the allegations in the counterclaim and that it was barred by statute.
 {¶ 4} This Court then issued a timetable for discovery and the filing of respective motions for summary judgment.
 {¶ 5} On November 15, 2002, Relator filed its motion for summary judgment, supported by the affidavit of James R. Skelton.
 {¶ 6} On November 27, 2002, Respondents answered the Relator's motion for summary judgment. Attached to the pleading are the affidavit of the Wayne Township Zoning Inspector, attesting that no variance was sought, and affidavits of chairpersons of the Noble County Regional Planning Commission from January 1, 1999 to November 26, 2002, attesting that the proposed plat of a subdivision of the property in this litigation was never submitted to the Planning Commission for approval.
 {¶ 7} Relator's complaint alleges that on April 18, 2001, it requested that Respondents Noble County Auditor and Recorder transfer and record two General Warranty Deeds transferring what are referred to as "Tract 19" and "Tract 20." Exhibit A-1 to Relator's motion for summary judgment describes "Tract 19" as 3.296 acres to be conveyed to an adjoining parcel. It states that the prior deed reference is part of parcel #36-21091. Exhibit A-2 describes "Tract 20" as 4.204 acres to be conveyed to an adjoining parcel. It states that the prior deed reference is part of parcel #36-21091.
 {¶ 8} Pursuant to Civ.R. 56(C), summary judgment will only be granted when relevant documents show that there is no genuine issue of material fact and thus the movant is entitled to judgment as a matter of law. Yo-Can, Inc. v. The Yogurt Exchange, Inc. 149 Ohio App.3d 513,2002-Ohio-5194, at ¶ 9. The moving party must inform the court of the basis for the motion and identify for the court those portions of the record that demonstrate a lack of a genuine issue of material fact for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Civ.R. 56(C) stipulates that "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any" are to be considered in the determination of a motion for summary judgment. Such evidence must be viewed in a light most favorable to the non-moving party. State ex rel.Parsons v. Flemming (1994), 68 Ohio St.3d 509, 511.
 {¶ 9} If the initial burden is met by the movant, the non-moving party must meet a reciprocal burden of demonstrating specific instances of genuine issues of material fact. Dresher, supra at 293.
 {¶ 10} Analysis of Chapter 711 of the Ohio Revised Code is dispositive of determining whether Relator has a clear legal right to the relief prayed for and whether Respondents are under a clear legal duty to perform the requested acts.
 {¶ 11} R.C. 711.10 delineates the requirements to platting in an unincorporated territory.
 {¶ 12} "Whenever a county planning commission or a regional planning commission adopts a plan for the major streets or highways of the county or region, no plat of a subdivision of land within the county or region, other than land within a municipal corporation or land within three miles of a city or one and one-half miles of a village as provided in section 711.09 of the Revised Code, shall be recorded until it is approved by the county or regional planning commission and the approval is endorsed in writing on the plat. Within five days after the submission of a plat for approval, the county or regional planning commission shall schedule a meeting to consider the plat and send a notice by regular mail or by electronic mail to the clerk of the board of township trustees of the township in which the plat is located. The notice shall inform the trustees of the submission of the plat and of the date, time, and location of any meeting at which the county or regional planning commission will consider or act upon the plat. The meeting shall take place within thirty days after submission of the plat, and no meeting shall be held until at least seven days have passed from the date the notice was sent by the planning commission.
 {¶ 13} "The approval of the planning commission or the refusal to approve shall be endorsed on the plat within thirty days after the submission of the plat for approval, or within such further time as the applying party may agree to in writing; otherwise that plat is deemed approved, and the certificate of the planning commission as to the date of the submission of the plat for approval and the failure to take action on it within that time shall be sufficient in lieu of the written endorsement or evidence of approval required by this section. A county or regional planning commission shall not require a person submitting the plat to alter the plat or any part of it as a condition for approval, as long as the plat is in accordance with the general rules governing plats and subdivisions of land, adopted by the commission as provided in this section, in effect at the time the plat is submitted. The ground of refusal of approval of any plat submitted, including citation of or reference to the rule violated by the plat, shall be stated upon the record of the commission. Within sixty days after the refusal, the person submitting any plat that the county or regional planning commission refuses to approve may file a petition in the court of common pleas of the proper county, and the proceedings on the petition shall be governed by section 711.09 of the Revised Code as in the case of the refusal of a planning authority to approve a plat. A board of township trustees is not entitled to appeal a decision of the county or regional planning commission under this section."
 {¶ 14} Respondent Recorder defends its refusal to accept the General Warranty Deeds under R.C. 711.12, which provides for a forfeiture and monetary sanction for recording a plat contrary to sections 711.01 to711.38 of the Revised Code.
 {¶ 15} In support of its motion for summary judgment Relator has submitted the affidavit of James R. Skelton. By said affidavit evidence is presented that the General Warranty Deeds for "Tract 19" and "Tract 20" were prepared in accordance with Ohio law and complied with Wayne Township Zoning Ordinances. Further, that the Noble County Auditor refused to transfer, and the Noble County Recorder refused to record the Deeds. Relator also generally asserts that "The plats and/or descriptions relative to the foregoing General Warranty Deeds were presented to the Noble County Engineer and Regional Planning Commission." Relator does not elaborate as to the submission of the plats, by specifying the manner of presentation to the Regional Planning Commission, the date of presentation or to whom the presentation was given.
 {¶ 16} In opposition, Respondents tender the affidavit of Clair Schockling, Chairperson of the Noble County Regional Planning Commission from January 1, 1999 to December 18, 2001, who attested:
 {¶ 17} "2. That at (sic) a proposed plat of a subdivision of property located on Mel Frakes Road in Noble County, Ohio and containing Tracts 19 and 20, which are the subject of a mandamus action in the case of State of Ohio, ex rel. J.J. Detweiler Enterprises, Inc. v. Alice L.Warner, et al., Case No. CA 301, was never submitted to the Noble County Planning Commission for approval pursuant to Ohio Revised Code Section711.10."
 {¶ 18} Respondents also have submitted an affidavit of the Wayne Township Zoning Inspector attesting that a zoning variance (which would be an alternative procedure allowed by law) was never requested.
 {¶ 19} For the following reasons we find that Relator has not met his burden demonstrating that the writ should issue. In order for a writ of mandamus to issue a relator must demonstrate "1) that he has a clear legal right to the relief prayed for, 2) that respondents are under a clear legal duty to perform the acts, and 3) that relator has no plain and adequate remedy in the ordinary course of the law." State ex rel.Harris v. Rhodes (1978), 54 Ohio St.2d 41, 42; State ex rel. Heller v.Miller (1980), 61 Ohio St.2d 6, paragraph one of the syllabus.
 {¶ 20} Relator has not submitted sufficient evidence conclusively demonstrating that they complied with R.C. 711.10 in submission of the plat to the Regional Planning Commission, or that its approval was obtained by operation of law through inaction of the Commission. Relator has not demonstrated a clear legal right to the relief which they seek.
 {¶ 21} Secondly, Respondents have demonstrated by their affidavits justifiable cause for not transferring and recording the deeds. By such evidence it is clear that they were not under a clear legal duty to perform the acts requested.
 {¶ 22} Finally, if the Commission had refused to approve the plat Relator had a legal remedy by way of petition to the court of common pleas. R.C. 711.10.
 {¶ 23} Based on the evidence submitted, Relator's motion for summary judgment is overruled and Respondents are granted judgment for failure of Relator to prove any of the elements for the issuance of a writ of mandamus.
 {¶ 24} It is further ordered that Respondents' counterclaim for damages is denied for the reasons that follow.
 {¶ 25} Pursuant to R.C. 711.13:
 {¶ 26} "Whoever, being the owner or agent of the owner of any land within or without a municipal corporation, willfully transfers any lot, parcel, or tract of such land from or in accordance with a plat of a subdivision as specifically defined in this chapter, before the plat has been recorded in the office of the county recorder, shall forfeit and pay the sum of not less than ten nor more than five hundred dollars for each lot, parcel, or tract of land so sold."
 {¶ 27} That statutory section allowing for such forfeiture goes on to state:
 {¶ 28} "If the land is situated outside a municipal corporation, the sum may be recovered in a civil action, brought by the prosecuting attorney, other corresponding official, or planning commission of the county in which the land is situated in the name of the county and for the use of the road repair fund thereof."
 {¶ 29} A reasonable interpretation of the statute is that a separate civil action must be filed in the name of the county to establish a willful transfer of property before a plat has been recorded. Accordingly, the counterclaim for R.C. 711.13 forfeiture is denied.
 {¶ 30} Relator having failed to demonstrate entitlement to a writ of mandamus it is ordered that this complaint is dismissed.
 {¶ 31} Costs of this action taxed against Relator. Final order. Clerk to serve notice as provided by the civil rules.
Waite, P.J., Donofrio and Vukovich, JJ., concur.