JOURNAL ENTRY AND OPINION
{¶ 1} Hayes W. Rowan has filed a complaint for a writ of a mandamus. Rowan seeks an order from this court which requires the Cuyahoga County Probate Court ("probate court"), in Cuyahoga County Probate Court Case No. 2000-GDN-0951350, ". . . to set the 20th December 2004 hearing, and all future hearings, on the docket as a jury action, and directing all hearings be recorded by videotape." The probate court has filed a motion to dismiss which we grant for the following reasons.
 {¶ 2} In order for this court to issue a writ of mandamus, Rowan must demonstrate that: (1) he possesses a clear legal right which requires that all proceeding held in the probate court be held before a jury and that all proceeding be recorded on video tape; (2) the probate court possesses a clear legal duty to conduct all proceedings before a jury and that all proceedings be recorded on video tape; and (3) there exists no plain and adequate remedy in the ordinary course of the law. State exrel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 374 N.E.2d 641; State exrel. National City Bank v. Board of Education (1977), 52 Ohio St.2d 81,369 N.E.2d 1200. Herein, Rowan has failed to establish each of the aforesaid three prongs. Rowan is not entitled to have a jury adjudicate the action in Cuyahoga County Probate Court Case No. 2000-GDN-0951350 nor is there any requirement that any proceedings in the probate court be recorded on videotape. Finally, any procedural or substantive errors, as potentially committed by the probate court, can be addressed through a direct appeal. Fraiberg v. Cuyahoga Cty. Court of Common Pleas, DomesticRelations Div. (1996), 76 Ohio St.3d 374, 667 N.E.2d 1189.
 {¶ 3} Accordingly, we grant the motion to dismiss. Costs to Rowan. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as mandated by Civ.R. 58(B).
Dismissed.
Calabrese, Jr., J., concurs Rocco, J., concurs.