JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Dejan Performing Arts Learning Center, Inc. ("Dejan"), avers that it is the owner of certain real property conveyed to Dejan by Harvest Missionary Baptist Church. A church member, Mitchell Jackson, commenced Jackson v. Caver, Cuyahoga County Court of Common Pleas Case No. CV-525146, which is assigned to respondent judge of the general division of the court of common pleas. Respondent's predecessor in office issued a temporary restraining order in Case No. CV-525146 preventing Dejan and related persons from "`interfering with the use of the church premises * * * by any person who holds a membership number in Harvest Missionary Baptist Church, so long as those individuals have the approval of the receiver appointed by [the court of common pleas] * * *.'"
 {¶ 2} Dejan requests that this court compel respondent to set a surety bond to protect its interest if Dejan prevails in Case No. CV-525146.
 {¶ 3} Respondent has filed a motion to dismiss. Dejan has not responded to the motion to dismiss. Respondent argues that the complaint fails to state a claim upon which relief in mandamus can be granted. We agree. For the reasons stated below, we grant respondent's motion to dismiss.
 {¶ 4} The fundamental criteria for issuing a writ of mandamus are well-established:
"In order to be entitled to a writ of mandamus, relator mustshow (1) that he has a clear legal right to the relief prayedfor, (2) that respondents are under a clear legal duty to performthe acts, and (3) that relator has no plain and adequate remedyin the ordinary course of the law. State, ex rel. National CityBank v. Bd. of Education (1977), 52 Ohio St. 2d 81,369 N.E.2d 1200."
 {¶ 5} State ex rel. Harris v. Rhodes (1978),54 Ohio St. 2d 41, 42, 374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie.
 {¶ 6} In Rome Rock Assn., Inc. v. Warsing (Mar. 1, 1991), Ashtabula App. No. 90-A-1565, the relator, Warsing, sought relief in mandamus because the court of common pleas had granted Rome Rock Association a preliminary injunction without the bond required by Civ.R. 65(C). The Court of Appeals for the Eleventh Appellate District held that Warsing did not have a clear legal right to relief. The Eleventh District also denied Warsing's request to amend the complaint to add the judge of the court of common pleas as a respondent, because the complaint failed to state a claim for which relief may be granted.
 {¶ 7} Similarly, in this action, we must conclude that the complaint in mandamus does not state a claim upon which relief can be granted. Respondent correctly observes that Civ.R. 65(C) provides a variety of options for providing surety. The docket in Case No. CV-525146 — which is attached to the complaint — states "Same bond to apply" in the entry granting the temporary restraining. In the complaint, Dejan notes that the only bond was the bond for the receiver, which Dejan insists is a fiduciary bond. Additionally, in the transcript of the parties' colloquy with the court, the court states that the church is required to pay funds to the receiver for the duration of the underlying proceedings.
 {¶ 8} In light of Warsing, supra, any right which Dejan has to have the court of common pleas order that a surety bond is less than clear as is any duty which respondent may have order a surety bond. Furthermore, Dejan has not attempted to rebut respondent's arguments that Dejan has (or had) an adequate remedy in the ordinary course of the law by way of appeal and that mandamus may not be used as a substitute for appeal.
 {¶ 9} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Complaint dismissed.
Celebrezze, Jr., P.J., concurs Corrigan, J., concurs.