DECISION AND JUDGMENT ENTRY
{¶ 1} Petitioner, Bobby Lee Kennedy, has filed an "Emergency Petition for a Writ of Mandamus" requesting that we direct Respondents, the Ohio Department of Rehabilitation and Corrections, and Leslie Payton, Bureau of Records, to answer questions regarding a detainer which was allegedly placed upon petitioner and to order respondents to "cease all activity concerning the expired term of imprisonment in case No. 88-CR-6790, entered in the Ohio Court of Common Pleas on May 1, 1989."
 {¶ 2} In order for a writ of mandamus to be issued, the petitioner must demonstrate a clear legal right to the relief prayed for, that respondents are under a clear duty to perform the act, and that the petitioner has no plain and adequate remedy in the ordinary course of law. State ex rel. Harris v. Rhodes
(1978), 54 Ohio St.2d 41, 42.
 {¶ 3} In this case, we first note that, pursuant to R.C.2969.25, a complaint for writ of mandamus will be dismissed if an inmate fails to attach an affidavit listing all civil actions filed by him or her within the previous five years. See State exrel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421. Petitioner has not filed such an affidavit.
 {¶ 4} Moreover, although petitioner claims that respondents have wrongfully placed a detainer upon him, pending his release from prison in Alabama, we have no way of knowing whether that detainer, if it exists, is even related to the case petitioner references. Since the detainer may have been lawfully issued for either another case or for the case referenced, petitioner has not established that he has or will be wrongfully taken in to custody. Therefore, since petitioner has failed to establish a clear legal right to the actions requested, he failed to meet the threshold requirements for a writ of mandamus to issue.
 {¶ 5} Accordingly, petitioner's complaint for a writ of mandamus is found not well-taken and is denied. Petitioner is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
PETITION DISMISSED.
Handwork, J., Pietrykowski, J., Singer, P.J., concur.