OPINION AND JUDGMENT ENTRY
{¶ 1} This is an original action for a writ of mandamus to compel the transfer of a case to an alternative judge due to a conflict with the judge currently presiding over the matter. The Supreme Court of Ohio has since assigned the case to an alternative judge and therefore this writ is dismissed as moot.
 {¶ 2} Relator, Scott Group filed a Petition for Writ of Mandamus with this Court on October 17, 2008, seeking a writ to compel Respondent Judge Timothy Franken of the Mahoning County Common Pleas Court to rule on Relator's motion to reassign his post-conviction relief matter to another common pleas court judge.
 {¶ 3} Group was convicted of aggravated murder and sentenced to death. Group filed a post-conviction petition on January 21, 2000, which was denied by Judge Maureen Cronin on July 2, 2007. Judge Cronin subsequently retired. Group filed a Request for Findings of Fact and Conclusions of Law for the July 2, 2007 decision, so that he would be able to file a Notice of Appeal. Subsequent to Judge Cronin's retirement, Governor Strickland appointed Timothy Franken to Judge Cronin's seat. A conflict arose, as Judge Franken was counsel of record for the State of Ohio in the prosecution of Group.
 {¶ 4} Group filed a Motion to Have Case Reassigned to another Common Pleas Court Judge on March 3, 2008, and asserts that he has received no response from the court despite frequent communications.
 {¶ 5} In order for a court to issue a writ of mandamus, a Relator must have a clear legal right to the relief prayed for, Respondents must have a clear legal duty to perform the act requested, and the Relator must have no plain and adequate remedy at law. State ex rel. Harris v.Rhodes (1978), 54 Ohio St.2d 41, 42, 8 O.O.3d 36, 374 N.E.2d 641; R.C. 2731.05. However, mandamus cannot be used "to compel an act that has already been performed." State ex rel. Madsen v. Jones,106 Ohio St.3d 178, 2005-Ohio-4381, 833 N.E.2d 291, at ¶ 11. Mandamus will not issue to compel relief on "issues which have become moot pending consideration of the court of appeals. State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d, 6 O.B.R. 4, 450 N.E.2d 1163.
 {¶ 6} Subsequent to Group's Petition for Writ of Mandamus, the Supreme Court *Page 2 
of Ohio issued a Certificate of Assignment, assigning Judge Thomas Patrick Curran to Group's case. Given that such assignment provides the relief prayed for, we dismiss this petition for writ of mandamus as moot.
 {¶ 7} Costs taxed against Relator. Final order.
 {¶ 8} Clerk to serve notice as provided in the Civil Rules pursuant to the Civil Rules.
 DeGenaro, P.J., concurs. Vukovich, J., concurs. Waite, J., concurs.
 *Page 1