[Cite as *State ex rel. Baker v. Stucki*, 2015-Ohio-4952.]

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO EX REL., | : | JUDGES: |
| JESSE JAMES BAKER | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Relator | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | CASE NO. 15CA003 |
| JUDGE DAVID E. STUCKI | : | |
| HOLMES COUNTY COURT OF | : | |
| COMMON PLEAS | : | |
| | : | OPINION |
| Respondent | : | |

CHARACTER OF PROCEEDING:     COMPLAINT FOR WRIT OF
MANDAMUS/PROCEDENDO

JUDGMENT:

DATE OF JUDGMENT ENTRY:     November 23, 2015

APPEARANCES:

For Appellant:

Jesse James Baker, Pro Se
P.O. Box 8107
Mansfield, Ohio 44901

For Appellee:

Sean M. Warner (#0075110)
Assistant Prosecuting Attorney
Steve Knowling (#0030974)
Prosecuting Attorney
164 E. Jackson Street
Millersburg, Ohio 44654

Delaney, J.

{¶1}   Relator, Jesse James Baker has filed a Complaint for Writ of Mandamus/Procedendo requesting this Court order Respondent to waive court costs in Holmes County Case Number 15CA003.   Respondent has filed an answer requesting dismissal of the complaint for failure to state a claim upon which relief may be granted.

{¶2}   To be entitled to the issuance of a writ of mandamus, the Relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 26-27, 1996 Ohio 228, 661 N.E.2d 180; *State ex rel. Harris v. Rhodes* (1978), 54 Ohio St.2d 41, 374 N.E.2d 641, citing State *ex rel.National City Bank v. Bd of Education (1977) 52 Ohio St.2d 81, 369* N.E.2d 1200.

{¶3}   To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." *Miley,* supra, at 65, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462. The Supreme Court has noted, "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." *State ex rel. Davey v. Owen,* 133 Ohio St. 96,106, 12 N.E.2d 144, 149 (1937).

{¶4}   Neither writ will issue where an adequate remedy at law exists.

{¶5}   Relator was charged with a variety of drug offenses in Holmes County Common Pleas Case Numbers 10CR103 and 11CR002.  When Relator failed to appear for sentencing in those cases, he was indicted on two counts of failure to appear which was assigned Holmes County Case Number 11CR083.  Relator pled guilty to the failure to appear counts and subsequently appealed his conviction and sentence from that case.  We affirmed Relator's conviction and sentence.

{¶6}   It appears the first two cases were concluded after the failure to appear case was resolved.  As part of the resolution of the first two cases, the state agreed to recommend waiving certain costs.  Relator was required to dismiss his appeal in the failure to appear case as part of the plea agreement.

{¶7}   The instant complaint arises out of Relator's belief that the plea agreement called for the costs to be waived in all of his cases including the failure to appear case.  He has attached a partial transcript of the sentencing hearing in Case Numbers 10CR103 and 11CR002 in support of his contention. Respondent argues the state did not agree to recommend waiving costs in the failure to appear case, and Relator misunderstands the terms of the agreement. Further, Respondent argues Relator has or had an adequate remedy at law by way of filing a motion with the trial court.

{¶8}   The Supreme Court has held that an adequate remedy at law exists for a person claiming a plea agreement was breached, "An adequate legal remedy to rectify any alleged breach of plea agreement [exists] by filing a motion

with the sentencing court to either withdraw his previous guilty plea pursuant to Crim.R. 32.1 or specifically enforce the agreement." *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 491, 633 N.E.2d 1128.

{¶9}      Because the essence of Relator's claim is that his plea agreement was breached, an adequate remedy at law exists precluding the issuance of the requested writs.  The instant complaint is dismissed for failure to state a claim upon which relief may be granted.  Therefore, Relator's Motion for Summary Judgment is also denied.


*Delaney, J.*


By:  Delaney, .J.
     Farmer, P.J. and
     Wise, J. concur

[Cite as *State ex rel. Baker v. Stucki*, 2015-Ohio-4952.]