The STATE ex rel. ARNOLD,

v.

BELMONT CORRECTIONS INFIRMARY.

[Cite as *State ex rel. Arnold v. Belmont Corr. Infirmary* (1997), 123 Ohio App.3d 183.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 97-BA-34.

Decided Sept. 30, 1997.

*Jeffrey L. Arnold, pro se.*

*Betty D. Montgomery*, Attorney General, and *Robert C. Angell*, Assistant Attorney General, for respondent.

*Per Curiam.*

This cause presents a complaint in mandamus filed by relator on May 14, 1997, seeking an order to compel respondent to allow relator to review his own medical records maintained at the institution where he is presently incarcerated. The stated reason for such review is in contemplation of a medical malpractice action. The records were sought under Ohio Public Records Act, R.C. 149.43 *et seq.* In response to a show cause order issued by this court, on June 16, 1997, respondent filed a pleading which is being construed as a motion to dismiss the complaint. Respondent points out that R.C. 2307.42, under which relator suggested he might file an action, was repealed as unconstitutional effective January 27, 1997.

Secondly, R.C. 5120.21(F) provides:

"Except as otherwise provided in division (C) of this section, records of inmates committed to the department of rehabilitation and correction as well as records of persons under the supervision of the adult parole authority shall not be considered public records as defined in section 149.43 of the Revised Code."

Moreover, under R.C. 149.43(A)(1)(a), a "public record" does not mean medical records.

In addition, respondent points out that R.C. 5120.21(C)(2) provides a procedure for obtaining an inmate's medical record:

"A separate medical record of every inmate in an institution governed by the department shall be compiled, maintained, and kept apart from and independently of any other record pertaining to the inmate. Upon the signed written request of the inmate to whom the record pertains together with the written request of either a licensed attorney at law or a licensed physician designated by the inmate, the department shall make the inmate's medical record available to the designated attorney or physician. The record may be inspected or copied by the inmate's designated attorney or physician. The department may establish a reasonable fee for the copying of any medical record. If a physician concludes that presentation of all or any part of the medical record directly to the inmate will result in serious medical harm to the inmate, he shall so indicate on the medical record. An inmate's medical record shall be made available to a physician or to an attorney designated in writing by the inmate not more than once every twelve months."

In *State ex rel. Harris v. Rhodes* (1978), 54 Ohio St.2d 41, 8 O.O.3d 36, 374 N.E.2d 641, a prisoner requested production of certain records relating to him. In denying a complaint in mandamus, the court held that the requested records

were not public records under R.C. 149.43. The court reasoned that prisoner files and records are compiled pursuant to R.C. 5145.04, 5145.20 and 5145.22 and maintained pursuant to R.C. 5120.21. They do not fall under the Ohio public records law. Respondent further argues that relator may avail himself of the procedure outlined in R.C. 5120.21(C)(2) in order to review his medical records. There being an available legal remedy provided by statute to access such records, the extraordinary relief of mandamus is unavailable.

In order to grant a writ of mandamus, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy at law. *State ex rel. Hodges v. Taft* (1992), 64 Ohio St.3d 1, 591 N.E.2d 1186, citing *State ex rel. Harris v. Rhodes* (1978), 54 Ohio St.2d 41, 8 O.O.3d 36, 374 N.E.2d 641.

Relator has failed to demonstrate entitlement to the relief sought.

Although this court notes that relator engages in a philosophical inquiry into the rationale for excluding prisoner medical records from "public records" as well as the lack of common sense in depriving him of free access to his own records, it is not for this court to indulge in decisionmaking contrary to established law.

There is an established procedure by R.C. 5120.21(C)(2) which provides inmates access to their medical records. Mandamus is not available in this case.

Respondent's motion to dismiss this complaint is sustained.

*Judgment accordingly.*

GENE DONOFRIO, VUKOVICH and WAITE, JJ., concur.