**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0128n.06
Filed: March 3, 2008

**No. 06-6148**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LINDA MOORE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| STATE of TENNESSEE et al., | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF TENNESSEE |
| Defendants, | ) | |
| | ) | |
| | ) | |
| FAYE HALL, Individually, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: SILER, CLAY, and COOK, Circuit Judges.

COOK, Circuit Judge. In this § 1983 case, plaintiff Linda Moore appeals from an order of the Eastern District of Tennessee denying her motion for new trial. The core of Moore's suit involves allegations of mistreatment while detained by Roane County authorities. More than two-and-a-half years elapsed between the time Moore filed her complaint and the time this case went to trial. During that period, the district court granted a variety of motions to dismiss, motions for summary judgment, and stipulations of dismissal that winnowed the original eight defendants to a single named defendant at trial: Fay Hall, chief jailer of the Roane County Jail, in her individual capacity. Notably, the district court never dealt specifically with the only unnamed original

defendant, "Unknown Roane County Sheriff's Deputies" ("Unknown Deputies"), on whom Moore failed to serve process.

At trial, a jury unanimously found that Hall's acts and omissions did not proximately cause Moore's alleged damages, and the district court entered a judgment in favor of Hall. Moore then filed a motion for new trial, which the district court denied. On appeal, Moore contends that the trial court abused its discretion in denying a new trial where: (1) the jury was not unanimous as to whether the defendant violated Moore's civil rights; (2) the case did not proceed at trial against the Unknown Deputies in their official capacities; (3) the defense counsel's closing argument included an improper and prejudicial statement; and (4) the court did not allow Moore to amend her complaint to identify and proceed against the Unknown Deputies in their individual capacities. Upon review of the record and briefs, we conclude that Moore forfeited her right to raise the first three issues and that she cannot prevail on the merits of her sole remaining argument. We therefore affirm the district court's decision.

## I. BACKGROUND

Roane County authorities detained Moore from October 29, 2002, until August 8, 2003, on charges of custodial interference. Moore claims that during her nine months of incarceration in the Roane County Jail, officials exhibited deliberate indifference to her serious medical needs, including

requiring her to spend five weeks in one of the jail's holding cells,[1] where she did not receive proper medication and care. (J.A. 22–24). Specifically, Moore alleges that she was not under proper medical care for her diabetes, heart problems, and depression. That inadequate care, Moore contends, included: no direct heat, no drinking cup, inadequate fluids, solitary confinement for one week at a time, denial of access to medically necessary psychotherapy, and denial of prescribed depression medication. (J.A. 23).

On October 28, 2003, after her release, Moore filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Tennessee, alleging violations of substantive and procedural due process, as well as the Eighth Amendment.[2] The complaint originally named eight defendants, two of whom are pertinent for our purposes: Fay Hall, in her official and individual capacities; and the Unknown Deputies, in their official and individual capacities.

All of the defendants, with the notable exception of the Unknown Deputies, returned service on November 26, 2003. During the next two-and-a-half years before the case proceeded to trial, Moore filed a motion to amend the complaint, the defendants filed various motions to dismiss and

---

[1]The Roane County Jail maintains two holding cells in order to segregate detainees and prisoners who may constitute a danger to themselves or those around them. (J.A. 168).

[2]The defendants against whom Moore alleged Eighth Amendment violations were dismissed prior to trial.

motions for summary judgment, and both Moore and the defendants filed stipulations of dismissal.[3]

As a result of these various motions and stipulations, when trial commenced on June 12, 2006, the

only remaining named defendant was chief jailer Fay Hall in her individual capacity.

At the conclusion of a three-day trial, the jury issued a verdict in favor of Hall. Although the

jury did not reach a consensus as to whether Hall violated Moore's civil rights, it voted unanimously

that Hall's acts and omissions were not the proximate or legal cause of Moore's damages and

injuries.[4] (J.A. 178). On that basis, the district court entered judgment in favor of Hall on June 16,

2006.[5] Moore then timely filed a Motion for New Trial pursuant to Federal Rule of Civil Procedure

59, in which she argued that the jury's verdict must have been "based on some consideration not in

the record" because there was "nothing in the record to support [its] conclusion" (J.A. 188).

---

[3]The substance and posture of these various filings are not pertinent to this appeal.

[4]The Jury Verdict Form required the jury members to answer unanimously, in the affirmative or negative, the following three questions: "(1) Did Ms. Hall's acts and omissions result in a denial to the plaintiff of the minimal civilized measure of life's necessities?; (2) Was Ms. Hall deliberately indifferent to the plaintiff's health and safety?; and (3) Were Ms. Hall's acts and omissions the proximate or legal cause of the plaintiff's damages and injuries?" The Verdict Form then contained a section where the jury could decide "the total amount of damages sustained by the plaintiff Linda Moore," including past and future pain and suffering, past and future loss of ability to enjoy life, future medical care and services, and violation of constitutional rights.

[5]According to the Judgment: "IT IS ORDERED AND ADJUDGED that the jury unanimously finds the defendant's acts and omissions were not the proximate or legal cause of the plaintiff's damages and injuries. Therefore, the plaintiff, LINDA MOORE, is not entitled to recover damages from the defendant, FAYE [sic] HILL."

The court denied Moore's motion for new trial on August 3, 2006, and Moore timely appealed. After filing her Notice of Appeal, Moore filed two motions: (1) on February 26, 2007, a motion in this court to remand;[6] and (2) the next day, a motion in district court to move forward against the Unknown Deputies.[7] The district court issued a memorandum of opinion and order denying Moore's motion on the merits and noting that, regardless, it no longer retained jurisdiction over the case. A separate motions panel for this court denied Moore's motion for remand on similar grounds. Moore's appeal now comes before this merits panel.

## II. STANDARD OF REVIEW

We review a district court's denial of a motion for new trial for abuse of discretion. *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 614 (6th Cir. 2007); *Woodbridge v. Dahlberg*, 954 F.2d 1231, 1234 (6th Cir. 1992). In applying an abuse of discretion standard, we afford the district court substantial deference. Indeed, only a "definite and firm conviction that the trial court committed a clear error of judgment" will warrant reversal. *Radvansky*, 496 F.3d at 614 (quoting *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989)). In other words, unless a jury verdict is unreasonable and against the clear weight of evidence—not merely if this panel might have

---

[6]Moore argued in her Motion to Remand that because "the Court never took any action relative to the unknown deputies and . . . the trial court never dismissed the case against the unknown deputies," the claims against the Unknown Deputies remained outstanding.

[7]Moore styled the Motion for Leave to Go Forward to include a Motion to Amend Complaint to Name and Identify the Unknown Deputies.

adjudged the issues differently—a district court's denial of a motion for new trial will stand. *See Bell v. Johnson*, 404 F.3d 997, 1003 (6th Cir. 2005) ("[I]f the verdict is supported by some competent, credible evidence, a trial court will be deemed not to have abused its discretion in denying the motion."); *Woodbridge*, 954 F.2d at 1234 ("The verdict is not unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable.").

## III. ANALYSIS

Of the four issues that Moore raises on appeal, we need only consider one—Moore forfeited the others, either by failing to object at trial or by neglecting to present the issue to the district court. We comment briefly on the forfeited arguments before turning our attention to the merits of the remaining issue.

A.      Arguments Forfeited

1.      The Jury Verdict Form

Moore first contends that the district court should have granted her motion for new trial because the jury was not unanimous as to whether Hall violated Moore's civil rights. Contrary to the law as set forth in the Jury Verdict Form (the "Verdict Form"), Moore argues that she maintains an "absolute right to a jury decision as to whether her civil rights were violated," even where the jury found no proximate causation. We need not address this argument because Moore forfeited it when

she neglected to object to the jury verdict form at any time during the trial. *See United States v. Blair*, 214 F.3d 690, 697 (6th Cir. 2000).

    2.       Unknown Deputies in Their Official Capacity

In the second issue on appeal, Moore contends that the district court abused its discretion in denying her motion for new trial because the district court failed to allow the case to go to trial against the Unknown Deputies in their official capacity. Because Moore never objected to the Verdict Form, which did not reference the Unknown Deputies, she forfeited this argument.

According to Federal Rule of Civil Procedure 51, any objections with respect to jury instructions must be made at trial if a party seeks to preserve such objections for appeal. *E.g.*, *Libbey-Owens-Ford Co. v. Ins. Co. of N. Am.*, 9 F.3d 422, 427 (6th Cir. 1993); *Woodbridge*, 954 F.2d at 1235. This circuit, moreover, joins several others in extending Rule 51's requirements to jury verdict forms as well. *See Reynolds v. Green*, 184 F.3d 589, 593–94 (6th Cir. 1999); *McGuire v. Davidson Mfg. Corp.*, 398 F.3d 1005, 1009–10 (8th Cir. 2005); *Barrett v. Orange County Human Rights Comm'n*, 194 F.3d 341, 349 (2d Cir. 1999); *Play Time, Inc. v. LDDS Metromedia Commc'ns, Inc.*, 123 F.3d 23, 29 n.6 (1st Cir. 1997). Where a party fails to object at trial to the character of a jury verdict form, absent plain error, there is no possibility of resuscitating the objection on appeal. *Reynolds*, 184 F.3d at 593–94; *Young v. Langley*, 793 F.2d 792, 795 (6th Cir. 1986).

Moore failed to object to a jury verdict form that contained instructions pertaining only to defendant Hall and that made no mention of the Unknown Deputies. That silence at trial prevents her from raising any Rule 51 objection now. Although she might argue that plain error exists, *Reynolds*, 184 F.3d at 594, Moore failed to serve timely process on the Unknown Deputies and failed to argue at trial for liability grounded on the governmental policy of Roane County. The interests of justice, therefore, do not support excusing Moore's failure to object.

3.      Defense Counsel's Closing Argument

Finally, Moore argues that the defense counsel's closing argument included an improper and prejudicial statement. Specifically, Moore challenges defense counsel's inclusion of the following remarks:

> Now, you know what's going on here? I'll tell you exactly what's going on. This is not state court; this is Federal court. You say, well, let's give her something, let's give her a dollar; two dollars, maybe there's something there. No. If you give her one dollar, this lawyer's going to come in and ask for attorney's fees under Section 1998 [sic] and ask for thousand and thousands of dollars. That's what's going on, and the only way to stop that is to throw them out and to come back with a defense verdict.

(J.A. 409).

Once more, the panel need not consider this issue. Moore forfeited her right to raise this issue on appeal because she neglected to present this issue to the district court. *Blair*, 214 F.3d at 697.

B.       Moore May Not Now Amend Her Complaint to Identify the Unknown Deputies

The one argument Moore did preserve for appellate review fails on the merits. She sought leave from the district court to amend her complaint to identify and name the Unknown Deputies so that she might proceed against them in their individual capacities. The question presented here is whether the district court abused its discretion in denying her motion. Given the expiration of the time permitted for bringing such an action, and the lack of grounds for treating such an amendment as "relat[ing] back to the date of the filing of the complaint" for purposes of Federal Rule of Civil Procedure 15(c), we uphold the district court's exercise of discretion.

The Tennessee statute of limitations[8] relevant to Moore's claim required her to commence her § 1983 action within one year after the cause of action accrued. *See* Tenn. Code Ann. § 28-3-104(a)(3). At the latest,[9] Moore's cause of action accrued after her release from the Roane County Jail. Given that Moore filed her motions for leave to amend the complaint nearly two-and-a-half

---

[8]Well-established case law applies the relevant state's statute of limitations in a § 1983 claim. *See Wallace v. Kato*, 127 S. Ct. 1091,1094–95 (2007); *Eidson v. State of Tenn. Dep't. of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises.").

[9]Although state law governs the statute of limitations in a § 1983 action, the characterization of the claim, including the determination of when the cause of action accrued, is a creature of federal law. *See Wallace*, 127 S. Ct. at 1095. Although the district court made no finding as to when Moore's cause of action accrued, it is reasonable to say that, at the latest, she would have known of her injury upon her release from incarceration.

years beyond that date, her amendment could not stand unless Rule 15(c) allows it to relate back to the filing date of the original complaint.  Fed. R. Civ. P. 15(c).

In relevant part, Rule 15(c) provides:

(c) Relation Back of Amendments.

> (1)  When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> . . .
>
> (B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C)  the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii)  knew or should have known that the action would have been brought against it, but for a *mistake* concerning the proper party's identity.

Fed. R. Civ. P. 15(c) (emphasis added).  Notably, the relation-back doctrine requires that the newly added party receive sufficient notice of the action and that the delay in the addition of the new party be the result of a "*mistake* concerning the party's identity."  *Id.* at 15(c) (emphasis added); *see also Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

Our circuit precedent is fatal to Moore's argument. In this court, a plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a "mistake concerning the party's identity" within the meaning of Rule 15(c). *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties."). Nor are we alone in so holding—our court's precedent comports with no fewer than seven of our sister circuits. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006); *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 367 (4th Cir. 2006); *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004); *Foulk v. Charrier*, 262 F.3d 687, 696 (8th Cir. 2001); *Wayne v. Jarvis*, 197 F.3d 1098, 1103–04 (11th Cir. 1999); *Jacobsen v. Osborne*, 133 F.3d 315, 320–21 (5th Cir. 1998); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995), *modified* 74 F.3d 1366 (2d Cir. 1996). Moore's bid for support in Third Circuit law—the only circuit that expressly adopts an opposing position—is unavailing. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 211 (3d Cir. 2006); *Singletary v. Pa. Dep't. of Corr.*, 266 F.3d 186, 200–01 (3d Cir. 2001). The district court acted well within its discretion to deny Moore's motion for new trial with respect to the Rule 15(c) issue.

## IV. CONCLUSION

For these reasons, we affirm the decision of the district court to deny Moore's motion for new trial.