NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0070n.06

No. 09-4249

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ADA M. FREESE,

      Plaintiff-Appellant,

v.

CONTINENTAL AIRLINES, INC.,

      Defendant-Appellee.

_____/

FILED
FEB 3, 2011
LEONARD GREEN, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

BEFORE:  SUHRHEINRICH, COLE and COOK, Circuit Judges.

      **SUHRHEINRICH, Circuit Judge.**  Plaintiff-Appellant Ada Freese suffered an injury aboard a commercial airline flight in 2007.  Approximately one year later she sued Defendant-Appellee Continental Airlines, Inc. ("Continental") on several negligence theories in Ohio state court.  Continental removed the case to federal court on diversity grounds.  After the statute of limitations expired, Continental moved for summary judgment, arguing that, because it neither owned nor operated the flight upon which Freese incurred her injury, she had named the wrong defendant.  Freese opposed summary judgment and sought to amend her complaint pursuant to Fed. R. Civ. P. 15 in order to name a new party defendant, the actual owner and operator of the flight, ExpressJet.  The district court granted summary judgment to Continental, agreeing that Continental was not the proper defendant because it was not Freese's common carrier.  The district court also denied Freese's motion to amend as futile because the statute of limitations had expired and

concluded that the amendment did not relate back under Rule 15(c). Freese appeals both orders. We **AFFIRM** in part and **REMAND** in part.

We review de novo a district court's grant of summary judgment. *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868 (6th Cir. 2007). We have carefully reviewed the record, the applicable law, and the parties' briefs. We agree with the district court that Continental was not Freese's common carrier and **AFFIRM**, adopting its well-reasoned and thorough opinion regarding Continental's motion for summary judgment dated July 23, 2009.

With regard to Freese's motion to name ExpressJet as a new party defendant, the district court concluded that her motion did not relate back under Rule 15(c). In support of this conclusion the district court looked to Sixth Circuit precedent, *see In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991), which precludes relation back when the plaintiff seeks to add a new defendant. The district court also determined that suing Continental rather than ExpressJet was not a mistake within the meaning of the Rule 15(c), citing *Moore v. Tennessee*, 267 F. App'x 450, 455-56 (6th Cir. 2008), for support. At the time of its ruling, the district court correctly applied the law. Since the district court's ruling, in a case factually similar to this matter, the Supreme Court addressed relation back under Rule 15(c). *Krupski v. Costa Crociere S. p. A.*, – U.S. —, 130 S.Ct. 2485 (2010). Accordingly, we **REMAND** the denial of Freese's motion to amend to the district court for consideration in light of *Krupski*.