NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0377n.06

No. 10-4418

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Apr 06, 2012*

LEONARD GREEN, Clerk

RASHOUN SMITH,                               )
                                             )
     Plaintiff-Appellant,                   )
                                             )
v.                                           )   ON APPEAL FROM THE UNITED
                                             )   STATES DISTRICT COURT FOR THE
CITY OF AKRON; AKRON POLICE                  )   NORTHERN DISTRICT OF OHIO
DEPARTMENT; MICHAEL                          )
MATULAVICH, Former Police Chief;             )
JOHN ROSS; MICHAEL MILES,                    )
                                             )
     Defendants-Appellees.                  )
                                             )

Before: MOORE, SUTTON and DONALD, Circuit Judges.

SUTTON, Circuit Judge. Rashoun Smith filed several federal and state law claims against the City of Akron, its police department and several officers, stemming from allegations of excessive force during an arrest. The district court rejected the claims as a matter of law. We affirm.

I.

On August 27, 2007, officers John Ross and Michael Miles, while on patrol in the City of Akron, began following Smith, who was driving a stolen vehicle. Noticing the police car behind him, Smith stopped his car, exited and began talking with the officers. He told them the car belonged to a friend, whom he refused to name. The officers arrested Smith. Smith says he was cooperative during the arrest; the officers say he resisted. Either way, both sides agree that Ross and

Miles wrestled Smith to the ground, punched and kneed him in his back, sprayed him with chemical spray and tased him before placing him in the police cruiser.

Two years later, Smith filed a complaint in state court, claiming violations of the federal constitution and state tort law by "John and Jane Doe Nos. 1–10," the City of Akron, and the Akron Police Department. The city removed the case to federal court, after which Smith amended his complaint to add Ross and Miles as defendants in place of "John Doe" numbers one and two.

Ross and Miles moved to dismiss the claims against them because Smith added them after the two-year statute of limitations had expired. The district court granted the motion, reasoning that Smith's amendment did not "relate back" to his original complaint. *See* Fed. R. Civ. P. 15(c). The court granted summary judgment to the city defendants on Smith's remaining claims because his complaint failed to allege facts sufficient to establish municipal liability under § 1983 and because Ohio law forbids tort claims against municipal corporations engaged in governmental functions.

II.

*The dismissal of the claims against Ross and Miles*. Smith acknowledges that he added Ross and Miles as defendants after the two-year statute of limitations had expired, but he insists that the amendment related back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure. We disagree.

Rule 15(c) says that an amendment that changes a defendant but arises out of the same conduct relates back if the new defendant "(i) received such notice of the action that [he] will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." A defendant's actual knowledge of the complaint and constructive knowledge that the plaintiff made a mistake in failing to name him must occur within 120 days of the filing of the original complaint. *See* Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 15(c).

Smith says he meets these requirements because Ross and Miles knew about the complaint soon after he filed it and should have known that Smith intended to sue them as the "John and Jane Doe" arresting officers named in the complaint. That may be true. But it overlooks another prerequisite of Rule 15(c)—that Smith made a "mistake concerning the proper party's identity." The problem with Smith's amended complaint is that adding new, previously unknown defendants in place of "John Doe" defendants "is considered a change in parties, not a mere substitution of parties," and "such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)[ ]." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). Smith did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem. *See In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449–50 (6th Cir. 1991); *Cox*, 75 F.3d at 240; *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008).

Smith adds that a recent Supreme Court decision requires us to alter our interpretation of Rule 15(c). Not so. In *Krupski v. Costa Crociere S. p. A.*, 560 U.S. __, 130 S. Ct. 2485 (2010), the plaintiff knew of two potential parties when she filed the lawsuit, but she sued the wrong party and corrected the mistake only after the statute of limitations had expired. *Id*. at 2490–92. The Supreme Court held that Krupski made a "mistake" under Rule 15(c), even though she knew the identity of the proper party when she filed her complaint. *Id*. at 2494. "[A] plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim." *Id*.

Krupski's problem is not Smith's problem. Smith did not make a mistake about which defendant to sue; he simply did not know whom to sue or opted not to find out within the limitations period. *Cox*, 75 F.3d at 240; *Moore*, 267 F. App'x at 454–56. Because he waited until the last day of the two-year limitations period to file his complaint , that left no time to discover the identity of his arresting officers within the relevant time. Even after *Krupski*, Rule 15(c) offers no remedy for this problem. The Rule allows relation back for the mistaken identification of defendants, not for defendants to be named later through "John Doe," "Unknown Defendants" or other missing appellations. Our approach is consistent with the holdings of every other circuit on this issue. *See Wilson v. U.S. Gov't*, 23 F.3d 559, 563 (1st Cir. 1994); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995); *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 367 (4th Cir. 2006); *Jacobsen v. Osborne*, 133 F.3d 315, 320–21 (5th Cir. 1998); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998); *Foulk v. Charrier*, 262 F.3d 687, 696 (8th Cir. 2001); *Garrett v. Fleming*,

362 F.3d 692, 696 (10th Cir. 2004); *Wayne v. Jarvis*, 197 F.3d 1098, 1103–04 (11th Cir. 1999). *But cf. Singletary v. Penn. Dep't of Corr.*, 266 F.3d 186, 200 (3d Cir. 2001) (urging the Rules Advisory Committee to amend Rule 15(c)(3) to adopt the opposite approach).

Smith separately argues that because he filed his original complaint in Ohio and because Ohio has more permissible John Doe pleading standards, he should be permitted to correct the complaint after the end of the two-year limitations period. Even if we were willing to accept this doubtful theory, it offers no aid to Smith. As it turns out, he did not satisfy Ohio's John Doe pleading standards either. *Compare Erwin v. Bryan*, 929 N.E.2d 1019, 1026 (Ohio 2010) (plaintiff must state that the defendant's name could not be discovered, sufficiently identify the defendant to facilitate obtaining service and personally serve the summons on the defendant), *with* R.1 (Smith's original complaint).

*Municipal liability—§ 1983 claims*. To subject a municipality to liability under § 1983, the claimant must show that the constitutional injury stemmed from the municipality's "policy or custom." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Attempting to meet this standard, Smith claims that the city and its police department have a custom of improperly training and supervising police officers, offering three facts as proof: (1) Ross and Miles did not follow the city's taser manual when they arrested Smith; (2) other individuals have filed complaints against Ross and Miles; and (3) Smith's arrest occurred on Miles's first day on the job, immediately after he completed his police academy training.

These allegations do not do the trick. That Ross or Miles failed to follow the city's manual does not show a failure to train because an individual "officer's shortcomings may have resulted from factors other than a faulty training program." *City of Canton v. Harris*, 489 U.S. 378, 390–91 (1989). The complaints against Ross and Miles also speak to shortcomings of the officers, not to shortcomings in the training they received. The complaints, at any rate, concern unrelated allegations of misconduct or occurred *after* this incident. *Id*. at 391; *Connick v. Thompson*, 563 U.S. __, 131 S. Ct. 1350, 1360 (2011) (no pattern where previous violations involved different types of violations). Any mistakes Miles may have made on his first day on the job speak more directly to inexperience than to inadequate training. At most, Smith's evidence supports the inference that Ross and Miles may have acted inappropriately, but not that the city trained them to act inappropriately or customarily allowed them to do so. The § 1983 claim against the municipality fails as a matter of law.

*Municipal liability—state tort claims*. Smith filed several state common law tort claims against the city defendants, including negligence and intentional infliction of emotional distress. The district court dismissed the claims because Ohio law provides immunity to municipalities from civil actions for injuries "caused by any act or omission of . . . an employee of the political subdivision in connection with a governmental . . . function." Ohio Rev. Code § 2744.02(A)(1). Smith claims that the police do not serve a governmental function, but Ohio law says otherwise. An Ohio "governmental function" includes "[t]he provision . . . of police . . . services or protection." *Id*. § 2744.01(C)(2)(a). Because Ross and Miles—the city's employees—undisputedly were acting as

law enforcement officers at the time of Smith's injury, Ohio law immunizes the city from these tort

claims.  *See, e.g.*, *Lee v. Cleveland*, 784 N.E.2d 1218, 1222–23 (Ohio Ct. App. 2003).

III.

For these reasons, we affirm.