**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0266n.06

**No. 12-3562**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| MACKENZIE BROWN, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | **Mar 15, 2013** |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Northern |
| CUYAHOGA COUNTY, OHIO, et al., | ) | District of Ohio |
| | ) | |
| Defendants-Appellees. | ) | |

Before:     BOGGS, ROGERS, and STRANCH, Circuit Judges.

BOGGS, Circuit Judge.  Mackenzie Brown filed suit against Cuyahoga County and ten John Doe defendants, alleging that he was beaten by guards while confined at a county jail.  After receiving documents during discovery that disclosed the names of the jail employees involved, Brown sought to amend his complaint to include the employees as defendants.  The district court denied this request in part, as the statute of limitations for two of Brown's claims had run and his failure to include these new defendants initially did not stem from a mistake as to their identities. The court later dismissed Brown's remaining federal claim for failure to state a claim and his remaining state-law claim without prejudice after declining to exercise continued supplemental jurisdiction.  Brown now appeals both the district court's denial of his motion to amend and its dismissal of his case.  We affirm.

No. 12-3562
*Brown v. Cuyahoga County, et al.*

I

In June 2009, Brown fled from a half-way house in Pennsylvania to Cleveland, Ohio, where he had family. He eventually turned himself in and was confined at the Cuyahoga County Jail to await transfer back to Pennsylvania. During his stay, he complained to officials about a number of undisclosed issues and threatened to retain a lawyer. Early in the morning of June 29, 2009, about five jail employees allegedly entered Brown's cell, placed a blanket over his head, and beat him to the point of unconsciousness. According to documents produced by Cuyahoga County, Brown was restrained on the same morning after causing a disruption in his cell and attacking a correctional officer. Though there is no record of him sustaining major injury, Brown claims that the officials broke his jaw and caused multiple contusions on his face and legs.

Brown filed this suit on June 27, 2011, alleging a deprivation of his civil rights, under 42 U.S.C. § 1983, and assault and battery and intentional infliction of emotional distress, under Ohio law. He also alleged that Cuyahoga County was liable for failure to provide adequate training to the jail employees under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The statute of limitations on his § 1983 and assault-and-battery claims expired two days later. In December 2011, Cuyahoga County made an initial disclosure that included documents outlining the jail's account of the June 2009 incident. These documents specified the names of the jail employees purportedly involved in the altercation. Brown subsequently moved to amend his complaint to include these parties, previously identified only as "John Doe," pursuant to Rule 15 of the Federal Rules of Civil Procedure.

Cognizant of the fact that the statute of limitations had run on his § 1983 and assault-and-battery claims, Brown argued that the amendment should relate back to the date of his original complaint under Rule 15(c)(1)(C). The jail employees, represented jointly with the county, opposed the amendment. They asserted that Brown's failure to plead their names stemmed not from a "mistake" as to their identities, as required by the rule, but rather from the fact that Brown did not know who they were.

The district court denied Brown's motion to amend as to the § 1983 and assault-and-battery claims. The court's denial of Brown's amendment left him with only his *Monell* claim against the county and his state-law claim against the jail employees for intentional infliction of emotional distress. The court later dismissed his *Monell* claim under Federal Rule of Civil Procedure 12(b)(6) and declined to exercise continued supplemental jurisdiction over Brown's remaining state-law claims. Brown filed a timely appeal with this court, contesting both the denial of his motion to amend his complaint and the dismissal of his remaining claims.

II

We generally review a district court's denial of a motion for leave to amend for abuse of discretion. *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Replacing a "John Doe" defendant with a new, previously unknown party is considered a change of parties and must comply with the requirements of Rule 15(c)(1)(C) when the change is made after the expiration of the applicable statute of limitations. *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). The rule allows an amendment that changes parties to the suit to relate back to the filing date of the original complaint if the new

defendant: "(i) received such notice of the action [within the time to serve process under Rule 4(m)] that [he] will not be prejudiced in defending on the merits;" and "(ii) knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

As the district court's opinion turned solely on the latter requirement, the litigants focus their dispute on whether Brown's lack of knowledge of the identities of jail employees constitutes a "mistake." We have previously held that an absence of knowledge is not a mistake, as required by Rule 15(c)(1)(C)(ii). *Cox*, 75 F.3d at 240. The Supreme Court recently elucidated the meaning of the word "mistake" as used in Rule 15, giving the term its plain meaning: "'[a]n error, misconception, or misunderstanding; an erroneous belief.'" *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2494 (2010) (quoting Black's Law Dictionary 1092 (9th ed. 2009)). Brown initially contended that *Krupski* abrogated *Cox*, but he has abandoned this position on appeal. *See* Appellant's Br. 14 ("This Court recently upheld the viability of *Cox* in light of *Krupski*." (citing *Smith*, 476 F. App'x at 69)). Though this court has not spoken authoritatively on the issue since *Krupski*, Brown correctly notes that we have recognized the continued vitality of *Cox* in an unpublished opinion. *Smith*, 476 F. App'x at 69. We do the same for the purpose of this appeal.

III

Having acknowledged that our reading of Rule 15(c) forecloses his "mistake" argument, Brown focuses his appeal on equitable relief. Litigants may avoid a strict time bar by seeking equitable tolling of the statute of limitations. *See United States ex rel. Bledsoe v. Cmty. Health Sys.,*

*Inc.*, 501 F.3d 493, 519 (6th Cir. 2007). Brown, however, does not argue for equitable tolling. Rather, he makes two novel equitable arguments concerning the accessibility of the jail records.

A

Brown first asserts that the district court should have allowed his amendment because Cuyahoga County officials wrongfully denied requests for access to jail records prior to the filing of this suit and the expiration of the limitations period. Both Brown and his mother averred that they attempted to obtain information on the alleged assault before June 2011—his mother several days after the event and Brown himself after his February 2011 release from jail—but were both turned away.[1] Brown argues that, if the county officials had given him the records that he allegedly requested, he would have been able to sue the appropriate parties within the limitations period. However, we find no case law supporting his contention that a pre-suit failure to disclose information automatically changes the application of Rule 15(c)(1)(C)(ii). He attempts to support his argument by distinguishing *Smith v. City of Akron*, claiming that he, unlike the plaintiff in *Smith*, attempted to find the names of his alleged wrongdoers within the limitations period. *Smith*, however, is neither binding nor supportive precedent. Brown correctly notes that the panel in *Smith* held that "opt[ing] not to find out [whom to sue] within the limitations period" does not satisfy the mistake requirement. 476 F. App'x at 69. However, it also observed that a plaintiff who "simply did not know whom to sue" similarly cannot qualify for relation back under Rule 15(c)(1)(C). *Ibid*.

---

[1] The defendants deny that either Brown or his mother ever made such a request.

More importantly, accepting Brown's argument would allow him to make an end run around our standard for equitable tolling. Outside of the context of a habeas corpus suit, we look to the five-factor balancing test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), to determine whether equitable tolling is appropriate. The court considers: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness is remaining ignorant of the particular legal requirement." *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (citing *Andrews*, 851 F.2d at 151). In this case, had Brown made an equitable-tolling argument, it would have been denied. Because Brown does not argue that he was ignorant of the filing requirement, the inquiry would have focused on diligence and prejudice. *Nardei v. Maughan* (*In re Maughan*), 340 F.3d 337, 344 (6th Cir. 2003). Brown has failed to allege sufficient diligence.

B

Brown alternatively claims that the district court should have allowed his amendment because Ohio law exempts the relevant jail reports from public disclosure. He cites *State ex rel. Harris v. Rhodes*, 374 N.E.2d 641 (Ohio 1978), and *State ex rel. Arnold v. Belmont Corrections Infirmary*, 703 N.E.2d 857 (Ohio Ct. App. 1997), in support of his argument. Both of these cases cite Ohio Revised Code § 5120.21, which generally exempts certain jail records from public disclosure. Brown's argument, however, is unavailing. He has failed to establish how these alleged difficulties should have factored into the district court's decision, so as to render the court's denial of his motion an abuse of discretion. Setting aside the issue of whether § 5120.21 exempted the records that he ultimately sought, Brown likely could have obtained these records within the limitation period

through discovery if he had been more diligent in filing his suit. *See* Ohio Rev. Code. § 5120.21(A) (restricting access to an inmate's records "except by the consent of the department or the order of the judge of a court of record"). Additionally and as discussed above, this argument would fall short even if presented as an argument for equitable tolling. We therefore reject it.

C

To be sure, Brown's allegations against the county are disturbing if true. However, the possibility that unscrupulous government employees may have given him the runaround is not a reason to deviate from our longstanding precedent of applying Rule 15(c)(1)(C) strictly. "Mistake" means an actual mistake, and the Supreme Court reinforced this principle through its plain-meaning definition of the word in *Krupski*. *See* 130 S. Ct. at 2494. This understanding of Rule 15 forestalls eleventh-hour lawsuits with placeholder defendants designed to frustrate the operation of a statute of limitations. *Cox*, 75 F.3d at 240. Though this bright-line rule may bar some cases where a justification for the delay exists, equitable tolling should serve as an adequate safety valve for those plaintiffs with good excuses. Brown, however, did not present a such an argument. We therefore affirm the district court's denial of his motion to amend.

IV

We next address the dismissal of Brown's *Monell* claim against the county and his remaining state-law claims against the jail employees. We review a district court's decision to dismiss a complaint under Rule 12(b)(6) *de novo*. *J & R Mktg., SEP v. Gen. Motors Corp.*, 549 F.3d 384, 389 (6th Cir. 2008). We assess the pleadings in the light most favorable to the plaintiff, accept as true all of his allegations, and draw all reasonable inferences in his favor. *Bassett v. Nat'l Collegiate*

*Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* Finally, we review a district court's decision to decline supplemental jurisdiction over state-law claims for abuse of discretion. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009).

A local government is not responsible under § 1983 solely because injuries were inflicted by its employees or agents. *Monell*, 436 U.S. at 694. "Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Ibid.* A plaintiff must therefore specify a governmental policy or custom from which his injuries flowed. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Failure to provide employees with adequate training may also give rise to *Monell* liability when it evinces deliberate indifference for the rights of those with whom the governmental employees have contact, such that the inadequate training may be fairly said to represent the government's policy or custom. *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989).

Brown claims that Cuyahoga County "fail[ed] to properly train its police officers in proper conduct towards its citizens, in permitting the excessive use of force and having policies and practices which allow corrections officers to assault defenseless prisoners . . . ." The district court understood this as posing two distinct theories of *Monell* liability: failure to train and maintenance

of a policy or custom of beating prisoners. Though we read the complaint to allege only a failure to train—that is, he does not allege that Cuyahoga County maintained an affirmative policy to beat prisoners—Brown ultimately fails to state a claim under any theory of *Monell* liability. As pointed out by the district court, the only factual allegation in his complaint that is relevant to his *Monell* claim is the broad assertion that other inmates urged him to be quiet because the correctional officers were known to have "blanket parties," a euphemistic term for the beating of prisoners. This allegation, accepted as true, does not demonstrate that *Cuyahoga County* had a policy or custom of beating prisoners, or that it provided inadequate training because of its deliberate indifference to Brown's constitutional rights. Outside of this factual allegation, Brown's complaint is nothing more than a bare recitation of legal standards. This is not enough to survive a Rule 12(b)(6) motion, and the district court did not err by dismissing Brown's claim.

With no federal claims remaining, the district court was within its discretion to dismiss Brown's remaining state-law claims for intentional infliction of emotional distress. 28 U.S.C. § 1367 allows a district judge to decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction . . . ." Brown presents no argument as to how such dismissal was an abuse of discretion in this case.

V

For the foregoing reasons, we **AFFIRM** the judgment of the district court.