NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0024n.06

Case No. 21-5585

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| JERRY MILLER, | ) | **FILED**<br>Jan 11, 2022<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| COCKE COUNTY, TENNESSEE, et al., | ) |  |
| Defendants, | ) |  |
| JOSHYUA SHULTS; CITY OF NEWPORT, TENNESSEE, | ) |  |
| Defendants-Appellees. | ) |  |

Before: SUTTON, Chief Judge; CLAY and McKEAGUE, Circuit Judges.

SUTTON, Chief Judge. After Jerry Miller suffered injuries from an alleged assault by police officers, he sued Cocke County and several "John Does" for using excessive force and failing to provide medical care. More than a year after the incident, Miller amended his complaint to add Officer Joshyua Shults and the City of Newport, Tennessee, as defendants in the case. The district court dismissed the amendment to the complaint on the ground that the statute of limitations barred it. We affirm.

On February 21, 2019, Officer Shults of the Newport Police Department arrested Miller for interfering with a 911 call arising out of a domestic dispute with his girlfriend. During the booking process at the Cocke County Jail, Officer Kelton Townsend "grabbed Miller up by the

neck and body slammed him on the floor, jumped on him, and thereafter picked him up again and threw him hard against the wall." R.45 at 6. Miller suffered eight broken ribs and a punctured lung. After the assault, officers put Miller in a holding cell and failed to provide medical attention despite his repeated pleas for help.

Miller appeared before a magistrate the next morning, and the court released him from custody due to his apparent medical distress. He was transported to a hospital to seek treatment for his injuries and remained there for "some time." *Id.* at 7. Miller retained a lawyer, who made an Open Records Act request to the Cocke County Sheriff and Attorney to secure evidence of the assault and learn the identities of all officers involved. When various county officials failed to turn over the relevant documents and told him that the video of the incident at the jail no longer existed, Miller sued Cocke County and unknown "John Does" on August 12, 2019.

On October 15, 2019, the County sent Miller a video it had obtained from the City of Newport. The video came from Officer Shults's bodycam and captured part of the incident in the county jail. The video prompted Miller to think that Officer Shults played a role in the assault. Miller filed an amended complaint on April 9, 2020, in which he named Officer Townsend, Officer Shults, and the City of Newport as defendants. His § 1983 claim alleged excessive force and deliberate indifference to medical needs in violation of his rights as a pretrial detainee. Miller settled with Cocke County and Townsend and voluntarily dismissed them from the case.

Officer Shults and the City of Newport, the remaining defendants, moved to dismiss the complaint against them. *See* Fed. R. Civ. P. 12(b)(6). The district court dismissed the action on the ground that the statute of limitations barred it, and it denied Miller leave to amend his complaint on the ground that doing so would be futile. Miller appealed.

*Statute of limitations*.  Because "time is constantly destroying the evidence of rights," *Wood v. Carpenter*, 101 U.S. 135, 139 (1879), one's "right to be free of stale claims" eventually "prevail[s] over the right to prosecute them," *Ord. of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 349 (1944).  Hence the ubiquity of statutes of limitation, which "are found and approved in all systems of enlightened jurisprudence." *Wood*, 101 U.S. at 139.  Section 1983, for its part, does not contain a statute of limitations of its own.  It incorporates the relevant statute of limitations from the State in which the underlying constitutional tort arises.  *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).  Tennessee's one-year limit for personal injury actions, all agree, governs Miller's claims. *Eidson v. Tenn. Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); Tenn. Code Ann. § 28-3-104(a)(1).

The key question in the case turns on when the one-year limitations clock starts.

The ground rules on accrual go a long way to deciding the case.  Federal law determines when a § 1983 claim accrues.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  The limitations clock starts "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).  A plaintiff has reason to know about an injury when he "should have discovered it through the exercise of reasonable diligence." *Id.* This objective inquiry requires us to consider what event should have alerted the average lay person to protect his rights. *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015).

Miller had reason to know of his injury at the time of his detainment in the Cocke County Jail in February 2019.  On February 21, he alleges, a police officer grabbed him by the neck, body slammed him on the floor, and then picked him up and threw him hard against a wall.  He suffered eight broken ribs and a punctured lung as a result and received treatment in a hospital the next day.

We break no new ground in saying that these events would alert a typical lay person to protect his rights. The clock thus started ticking on Miller's claim at that time, giving him until February 2020 to sue Officer Shults and the City of Newport for any role they played in the incident. But he did not sue them until April 2020. That was two months too late.

Precedent confirms what this timetable shows. Time and again in applying federal law to similar claims, we have said that the limitations clock starts when the plaintiff should have known of his injury. A pretrial detainee's claims for excessive force and failure to provide "essential supplies," for example, accrued at the time the injuries occurred. *Cretacci v. Call*, 988 F.3d 860, 863, 868 (6th Cir. 2021). "A § 1983 claim for excessive force in effectuating an arrest" likewise "accrue[d] at the time of arrest." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). So too the limitations clock started for an excessive force claim against unnamed police officers on the date of the incident. *Cox v. Treadway*, 75 F.3d 230, 239–40 (6th Cir. 1996).

Miller raises the possibility that the limitations clock should not have started until he discovered Officer Shults's identity. He relies on the fact that he did not receive Officer Shults's bodycam video until October 2019 and claims that *United States v. Kubrick* shows that his claim did not accrue until that point. 444 U.S. 111 (1979).

But *Kubrick* interpreted the Federal Tort Claims Act and noted, without dispute by either party, that discovery of an injury and its cause kickstarts the limitations period in medical malpractice cases. *Id.* at 119–21. Medical malpractice cases pose special difficulties when it comes to identifying the nature and cause of an injury. *See id.* at 120 & n.7. This is not a medical malpractice case. What's more, "knowledge of identity was not an issue" in *Kubrick*, and the Court did not say "that accrual of a cause of action is always deferred until such time as the plaintiff is aware of the identity of the particular individual who may have caused his injury." *Diminnie v.*

4

*United States*, 728 F.2d 301, 304 (6th Cir. 1984) (per curiam). Our long-standing rule instead is that a § 1983 cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier*, 742 F.2d at 273. As noted, Miller had reason to know of his alleged injuries in February 2019, when Officer Townsend assaulted him.

Miller adds that courts may consider state law in determining when a cause of action accrues. Under Tennessee law, he notes, a cause of action in tort does not accrue until the plaintiff discovers how a breach of a duty to him occurred and the identity of the person who breached the duty. *Redwing v. Cath. Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 458–59 (Tenn. 2012). But "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388.

A road not taken by Miller reinforces the point. Civil Rule 15 allows amendments to a complaint to "relate back" to the date of the original pleading under discrete circumstances. A plaintiff may change the party "against whom a claim is asserted," for example, if the new party "should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). But suing "John Doe" defendants first and replacing them with named defendants later is a "change in parties," and "such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)[]." *Cox*, 75 F.3d at 240. Rule 15 thus would not help Miller even if he had invoked it. He "did not make a mistake about which defendant to sue; he simply did not know whom to sue or opted not to" amend his complaint to name these defendants "within the limitations period." *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012). The rule's relation-back protections "were not designed to correct *that* kind of problem." *Id.*

It bears adding that a plaintiff may seek permission to toll the statute of limitations to avoid the problem Miller faces. Unlike the question when a § 1983 claim accrues, state law controls the tolling inquiry. *See Bishop v. Child.'s Ctr. for Developmental Enrichment*, 618 F.3d 533, 537 (6th Cir. 2010). In the district court, Miller argued unsuccessfully that fraudulent concealment tolled the statute until he received Officer Shults's bodycam video in October 2019. But he does not renew the argument on appeal.

*Motion to amend*. Miller separately argues that the district court should have granted his motion to amend his complaint. A court may deny a motion to amend if it would be futile, meaning that "the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005). The district court determined that Miller's proposed amendment would be futile because any new claim would remain time barred. The court assessed Miller's proposed allegations supporting his new theory and determined that he failed to state specific facts supporting it. *See* Fed. R. Civ. P. 9(b).

Miller's response misses. He claims that the district court denied leave to amend because of his failure to comply with local court rules and to assert reasons for his amended complaint in his supporting memorandum. But, as noted, the district court denied the motion for the independent reason that any amendment would be futile. On appeal, Miller challenges the district court's futility analysis with an extended quotation to this Court's precedent, *see Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018); however, without more, he abandons any avenue to relief on this score and leaves us without occasion to second-guess the district court's analysis, *see Spirko v. Mitchell*, 368 F.3d 603, 612 (6th Cir. 2004).

We affirm.